UNITED STATES of America,
Plaintiff-Appellee,

v.

Wendell WHITE, Defendant-Appellant.

Nos. 77–5289, 77–5290.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 14, 1978.

Decided July 25, 1978.

Rehearing and Rehearing En Banc
Denied Oct. 9, 1978.

Edward C. Duke, Federal Public Defender, Memphis, Tenn., for defendant-appellant.

W. J. Michael Cody, U. S. Atty., William A. McTighe, Jr., Asst. U. S. Atty., Memphis, Tenn., for plaintiff-appellee.

Before LIVELY and KEITH, Circuit Judges, PECK, Senior Circuit Judge.

KEITH, Circuit Judge.

Defendant-appellant, Wendell White, appeals from his conviction and sentence below. He asserts that the district court erred in not affording him an opportunity to withdraw his guilty plea pursuant to Rule 11(e)(4) of the Federal Rules of Criminal Procedure when the court declined to accept the government's sentence recommendation which was made as part of a Rule 11(e)(1)(B) plea agreement. Alternatively, appellant seeks reversal on the ground that the government breached the plea agreement within the meaning of *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), when the Assistant United States Attorney did not argue in favor of the recommended sentence at the sentencing hearing. We vacate and remand for further proceedings in accordance with this opinion.

I

White was indicted for unlawful possession of a stolen Treasury check in violation of 18 U.S.C. § 1708, and was indicted with a co-defendant for the unlawful possession of another stolen Treasury check, for forging the signature thereon, and for uttering and publishing, in violation of 18 U.S.C. §§ 2, 495, and 1708. He pleaded not guilty to these charges at his arraignment and was bound over for trial.

Pre-trial negotiations between White's court appointed attorney and the Assistant United States Attorney resulted in a plea

agreement pursuant to Rule 11, Fed.R. Crim.Pro.[1] In accordance with this agreement, White agreed to withdraw his pleas of not guilty, and to plead guilty to the offenses charged in the indictments. In exchange for his guilty pleas the government was to recommend to the court that White be sentenced to concurrent three year terms on each indictment, with all but ninety days of the sentences to be suspended.

■ On August 15, 1977, White appeared before the district court to change his plea from not guilty to guilty. The transcript of this proceeding, Rule 11(g), Fed.R.Crim. Pro., indicates that the court was made aware at this time that the parties had entered into a Rule 11 plea agreement, but was not informed of the substance of the agreement. Trans. of Plea Proceeding at 4.[2]

Pursuant to Rule 11(c), (d) and (f), the district court asked White if he had discussed this matter with his attorney; inquired as to the voluntariness of his plea; asked him if he understood the charges

---

[1]. Rule 11(e), Fed.R.Crim.P., 18 U.S.C.A., reads as follows:

**(e) Plea Agreement Procedure.**

**(1) In General.** The attorney for the government and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the government will do any of the following:

(A) move for dismissal of other charges; or

(B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or

(C) agree that a specific sentence is the appropriate disposition of the case.

The court shall not participate in any such discussions.

**(2) Notice of Such Agreement.** If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered. Thereupon the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report.

**(3) Acceptance of a Plea Agreement.** If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.

**(4) Rejection of a Plea Agreement.** If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

**(5) Time of Plea Agreement Procedure.** Except for good cause shown, notification to the court of the existence of a plea agreement shall be given at the arraignment or at such other time, prior to trial, as may be fixed by the court.

**(6) Inadmissibility of Pleas, Offers of Pleas, and Related Statements.** Except as otherwise provided in this paragraph, evidence of a plea of guilty, later withdrawn, or a plea of nolo contendere, or of an offer to plead guilty or nolo contendere to the crime charged or any other crime, or of statements made in connection with, and relevant to any of the foregoing pleas or offers, is not admissible in any civil or criminal proceeding against the person who made the plea or offer. However, evidence of a statement made in connection with, and relevant to, a plea of guilty, later withdrawn, a plea of nolo contendere, or an offer to plead guilty or nolo contendere to the crime charged or any other crime, is admissible in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record, and in the presence of counsel.

[2]. Defense counsel stated at the plea proceeding that the substance of the plea agreement would be revealed to the court "at the appropriate time." Trans. of Plea Proceeding at 4. Rule 11(e)(2) provides that the appropriate time for the disclosure of the plea agreement to the court is when the guilty plea is offered. *See* note 1, *supra*. It appears from the transcript of the August 12 plea proceeding that this did not occur. Defense counsel stated during the sentencing proceeding that the plea agreement was made known to the court prior to sentencing. Trans. of Sentencing Proceeding at 5. It is unclear when and under what circumstances this was done. Because of our disposition of this case, and in light of the fact that the defendant does not raise this ground on appeal, we do not rule upon the district court's apparent failure to comply with Rule 11(e)(2).

against him; informed him that he had a right to plead not guilty and that by pleading guilty he waived his right to a jury trial; and informed him of the maximum possible penalty to which he could be subjected if the court accepted his guilty pleas. Trans. of Plea Proceeding at 5–14. The court also advised the defendant that if it accepted his guilty plea, it would not be bound by the parties' recommendations. The court would set the appropriate sentence.

THE COURT: Has anyone promised you that if you did plead guilty that the Court would give you some specific type of sentence or some specific type of treatment if you pled guilty in this case?

MR. WHITE: No.

THE COURT: Has it been made clear to you that even though your attorney and the government attorney will each make a recommendation to the Court as to what should be done, if the Court accepts this plea, that it is up to the Court to make the final decision about that, has that been explained? In other words, even if your lawyer and even if the government's lawyer has made a recommendation to the Court, that that is not binding on the Court and it is up to the Court to make the final decision about whatever disposition should be made in this case? Now, has that been explained to you? Do you understand that?

MR. WHITE: Yes.

THE COURT: Is it clear to you that if the Court accepts this plea and finds that all of the essentials are there that properly we should accept it, that it will be finally up to the Court to make a determination about a proper disposition in your case, do you understand that?

MR. WHITE: Yes.

Trans. of Plea Proceeding at 6–7. The court thereupon accepted the guilty plea, without accepting the government's sentencing recommendation which had not been disclosed at this hearing:

THE COURT: The Court will find that the defendant has freely and voluntarily submitted a plea, having been advised as to his rights and being represented in this matter, and the Court will, therefore, accept the guilty plea which has been submitted with the further specific finding that the defendant understands that even though there will be a recommended disposition of this case, which will have considerable weight with this Court, that it is up to the Court finally to make a determination in light of all of the circumstances that will be made available and we will be made aware of to make a final disposition, and under those circumstances the Court will accept the plea, and Mr. White's case will be severed on the plea from Miss Tate's.

Trans. of Plea Proceeding at 14. Defense counsel then indicated that in light of the court's "conditional" acceptance of the guilty plea, he would have to advise his client that he could withdraw his guilty plea if the court did not impose the sentence which had been agreed upon.

MR. DUKE: Your Honor, I realize, of course, normally that the defendant having pled guilty has no Fifth Amendment right to testifying [sic], having pled he waives any Fifth Amendment privilege. However, in view of the conditional acceptance of the guilty plea, it puts somewhat of a responsibility on me now to advise my client that in the event that Your Honor does not impose the sentence that has been agreed upon, that I would then be left to advise my client that he has a right to withdraw his guilty plea and stand on a not-guilty plea.

THE COURT: Mr. Duke, I have—you are correct that that is the normal procedure, that the Court, I have tried, however, to be very careful in [sic] circumspect in setting forth that in the acceptance of the guilty plea that under the circumstances where we are at this point, that the Court has accepted the guilty plea, not on a conditional basis, but on an absolute basis, and that the defendant has indicated that he understands that it will be up to the Court to make a final disposition of this matter, even though

the Court would give great weight and great consideration to what is submitted on the part of his attorney and on the part of the government attorney, but I have indicated that the Court has found a sufficient basis for the submission of the plea and the Court has found that it is a free and voluntary plea and that the Court, if the Court accepts that plea under the circumstances as an absolute plea at this time. So, therefore, the Court is ruling that the defendant has submitted and stands before the Court under the circumstances as having admitted his guilt, and therefore, counsel will be advising him with that knowledge of the circumstance, but you are entirely correct, Mr. Duke, in raising that question because the normal procedure that this Court follows is to accept it conditionally, but I have not done that at this time.

Do you understand what it is, Mr. White, that Mr. Duke has been inquiring about, that what you have done and what the Court has submitted at this time is an admission of your guilt and the Court has treated it as a guilty plea and has accepted it as a guilty plea without any strings attached to it, do you understand that?

MR. WHITE: Yes, sir.

Trans. of Plea Proceeding at 14–16.

White was sentenced on September 23, 1977. Prior to this hearing, but after his guilty plea had been entered, White was indicted for the unlawful possession, and uttering and publishing, of another stolen Treasury check. This information was before the court at the time of sentencing, but the court announced it would not take it into account in determining the sentence. Trans. of Sentencing Proceeding at 13. Additionally, the pre-sentence report prepared for the court indicated that White had previously used heroin.

After the government and defense attorneys recommended that White be sentenced to concurrent three year terms on each charge, with all but 90 days suspended, the court sentenced White to an indeterminate sentence under the Federal Youth Corrections Act, 18 U.S.C. §§ 5005 *et seq.*, and stated its reasons as follows:

Mr. White is a young man. He has a past background which is of some consequence, but the Court is not considering it as a major impediment although it would be a factor and circumstances [sic] for the Court to take into account in any event with regard to the Youth Corrections Act, but it is the Court's disposition at this time to feel that the matter ought to be disposed of on the basis of the Youth Corrections Act. We are not prepared to suspend the imposition of sentence, but we are prepared to proceed to sentence Mr. White under the provisions of the Youth Corrections Act, and there are several considerations that we have in mind. First of all, of course, is the recommendation that has been made, this has a strong influence on the Court. The second is the Court's knowledge that in 120 days or for 120 days the Court has continuing authority to consider and reconsider the disposition in the light of any circumstances that may be apparent to the Court, whether what may happen hereafter could or might have a bearing on this matter is a matter of surmise, but we further realize, Mr. Duke, and, Mr. White, that my proceeding on a Youth Corrections Act basis, that at the outset this could involve a considerably longer period of time than 90 days. We recognize that that is a potential here, but we think that the independent discretionary judgment of the Court is best exercised by sentencing the defendant under the provisions of 5010(b) with the defendant being entitled to credit for the time that he has served that he has been in custody on the charges involved, that is No. 77–20059 and No. 77–20087. The Court feels that part of the reasons for its decision there is that in the past Mr. White has had a drug problem, and I hope and believe as he indicates that he's got that behind him, but I do think in the Federal facilities, and the Court will be recommending that he have the benefit of drug counseling or other type of program which could or might be of assistance to him for hereafter.

.      .      .      .      .

We realize in making this disposition, finally, it is contrary to the recommendation that has been made. It isn't often that the Court determines on a contrary course, but we believe that this disposition is a better, and in the long run will be a fairer disposition which may afford Mr. White an opportunity to get something off of his record if he proves and warrants that he's entitled to that opportunity.

Is there any question about the Court's disposition?

Trans. of Sentencing Proceeding at 13–15. Defense counsel responded:

MR. DUKE: Yes, Your Honor, I would like to address myself to the sentence that Your Honor has imposed. Frankly, as I view the sentence, it is considerably harsher than the agreed sentence recommendation that we have. I realize that under 5010(b) the defendant may be released at any time, but I also realize that he may serve as long as four years in an institution. And I believe under the present guidelines that the institutions are following, he likely would serve 24 to 27 months or thereabouts, 19 to 27 months or somewhere in that nature, and I feel like that that, under the circumstance, is considerably more harsh than the sentence that was agreed upon, and I believe that under the circumstances under the Rule 11 procedure that the defendant would be entitled to withdraw his guilty plea and stand on a not-guilty plea and go to trial if he elects to. *I'm not moving the Court at this time that he be allowed to do that, but I would like to address myself to that matter later on after I had an opportunity to discuss this more fully with the defendant.*

THE COURT: You may do that and, of course, Mr. Duke, you may do that with the benefit, as the Court has asked the reporter to transcribe the proceedings that took place at the time that the matter was submitted to the Court, and that I would presume also, and the Court is aware of that and we went into that very carefully at the time that this matter was submitted, that the Court reserved the right and the determination under all the circumstances.

MR. DUKE: I understand that, I think that is quite appropriate, but I believe further the Rule provides that if the Court does not approve the agreed sentence recommendation, then the defendant has the right to withdraw his plea.

THE COURT: In any event, it is appropriate that Mr. Duke register for the purpose of the record his position in the matter and we will hear from him as to whatever his course may be and the Court will then sentence as has been indicated under the provision of 5010(b) to the appropriate institution under the terms and provisions of the Youth Corrections Act at this time. (Emphasis added.)

Trans. of Sentencing Proceeding at 15–17.

It appears that no motion was filed in the district court to withdraw White's guilty plea.[3] However, White argues that under Rule 11(e)(4), the district court must nonetheless afford him an opportunity to withdraw his guilty plea if the court decides not to sentence him in accordance with the plea recommendation.

The threshold question before this court is whether the district court's rejection of the recommended sentence was a rejection of the plea agreement within the meaning of Rule 11(e)(4). Rule 11(e)(1) describes the plea agreement procedure to be followed in the federal courts.[4] Neither party contends that as part of the plea agreement herein the government agreed to move for dismissal of other charges filed against White. Therefore the agreement in this case does

---

**3.** Rule 32(d), Fed.R.Crim.Pro., 18 U.S.C.A. provides:

*Withdrawal of Plea of Guilty.* A motion to withdraw a plea of guilty or *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his guilty plea.

**4.** *See* note 1, *supra.*

not fall within the ambit of subparagraph (1)(A). White does claim on appeal that his plea agreement was reached pursuant to subparagraph (1)(C), whereby the government and the defendant agree to a specific disposition of the case. We find however, that the plea agreement herein was entered into pursuant to subparagraph (1)(B).

The district court carefully inquired of White at the August 15 hearing if he understood that the government and defense attorneys would make a non-binding sentencing recommendation to the court. He responded in the affirmative. It is clear from a reading of the transcripts of the plea and sentencing proceedings that White was requesting and the government was recommending a sentence to the court within the meaning of Rule 11(e)(1)(B), "with the understanding that such recommendation . . . shall not be binding upon the court . . ." Although defense counsel objected at the plea proceeding to the court's acceptance of the guilty plea without a concomitant acceptance of the proposed sentence, the suggested sentence was not revealed to the court at that proceeding, and defense counsel accepted the court's characterization of the recommendation as non-binding. No effort was made at either the plea or sentencing proceeding to inform the district court that this was a Rule 11(e)(1)(C) plea agreement. The question is now presented whether the district court, having rejected a non-binding sentencing recommendation made pursuant to subparagraph (1)(B), must not only inform the defendant that the court is not bound by the plea agreement, and advise the defendant that if he persists in his guilty plea the disposition of the case may be less favorable than that contemplated by the plea agreement, as was done in this case, but must also afford the defendant an opportunity to withdraw his guilty plea.

Rule 11(e) was amended in 1975 to establish a plea agreement procedure. Federal Rules of Criminal Procedure Amendments Act of 1975, 89 Stat. 370, P.L. 94–64. Although "[t]he plea agreement procedure does not attempt to define criteria for the acceptance or rejection of a plea agreement," [5] the Rule does define the steps the court must take once it decides either to accept or reject a guilty plea.

Rule 11(e)(3) provides that if the district court accepts the plea agreement, it must inform the defendant "that it will embody in the judgment and sentence the disposition provided for in the plea agreement." The district court may either accept a plea agreement, in which event the requirements of Rule 11(e)(3) must be complied with, or it may reject the plea agreement, in which case the defendant must be afforded an opportunity to withdraw his guilty plea pursuant to Rule 11(e)(4). There is no third alternative under the Rules by which the court neither accepts nor rejects the plea agreement, but the defendant is nonetheless bound by his plea of guilty.

This circuit has consistently held that the requirements of Rule 11 must be strictly complied with. *See Timmreck v. United States,* 577 F.2d 372 (6th Cir. 1978); *United States v. Cunningham,* 529 F.2d 884 (6th Cir. 1976); *Phillips v. United States,* 519 F.2d 483 (6th Cir. 1975); *United States v. Wolak,* 510 F.2d 164 (6th Cir. 1975). In *McCarthy v. United States,* 394 U.S. 459, 471, 89 S.Ct. 1166, 1173, 22 L.Ed.2d 418 (1969), the Supreme Court found that "prejudice inheres in a failure to comply with Rule 11," and held that "a defendant is entitled to plead anew if a United States district court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11." 394 U.S. at 463–464, 89 S.Ct. at 1169.[6] We hold, therefore, that where a

---

5. Notes of Advisory Committee on Rules on the 1974 amendments, Rule 11, Fed.R.Crim.Pro., 18 U.S.C.A.

6. In *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Supreme Court set aside petitioner's conviction on the grounds that the district court failed to inquire of the defendant as to the voluntariness of his plea, and failed to establish a factual basis for the plea, as required by Rule 11, before it accepted the guilty plea. The plea agreement procedure provisions now found in Rule 11(e) were not a part of the Rule when *McCarthy* was decided.

district court does not accept a Rule 11(e)(1)(B) plea agreement in accordance with Rule 11(e)(3), it has rejected the plea agreement, and the defendant must be afforded an opportunity to withdraw his guilty plea in accordance with Rule 11(e)(4).[7]

This result differs from that reached by the Courts of Appeals for the Fourth and Ninth Circuits which have also considered this question. In *United States v. Savage*, 561 F.2d 554 (4th Cir. 1977), appellant claimed, *inter alia*, that the district judge rejected the plea agreement when he refused to follow the government's recommendation on sentencing.[8] The court of appeals for the Fourth Circuit disposed of this argument by stating:

> We now hold that where a defendant plea bargains only for a recommendation by the government, which the defendant knows is not binding on the trial court, and the government complies with the agreement by making the recommendation, nonacceptance of the recommendation by the trial court is not a rejection of the plea agreement under Rule 11(e)(4).

*Id.* at 556. A similar argument was made by the appellant in *United States v. Henderson*, 565 F.2d 1119 (9th Cir. 1977), who claimed that the district court's failure to allow him to withdraw his guilty plea after the district court rejected the sentence recommendation constituted a failure to comply with Rule 11(e)(4). The court held that Rule 11(e)(4) does not apply when a district court decides to impose a different sentence than the one recommended pursuant to a subparagraph (1)(B) agreement, since the court has not rejected the agreement. *Id.* at 1122. The court found that a (1)(B) plea agreement provides only that a recommendation will be made by the government, or

that the defendant's sentence request will not be opposed by the government. It does not provide that such a recommendation or request shall be binding in any way on the court, and thus a rejection of the requested sentence does not amount to a rejection of the plea agreement. *Accord, United States v. Sarubbi*, 416 F.Supp. 633, 636 (D.N.J. 1976). In reaching this result the court in *Henderson, supra*, concluded that paragraphs (3) and (4) of Rule 11(e) were not meant by the draftsman of the Rule to apply to subparagraph (1)(A) or (1)(B) plea agreements:

> Henderson argues that both paragraph (3) and paragraph (4) apply to all three types of agreement listed in paragraph (1)(A), (B) and (C). The language of paragraphs (3) and (4) does not support the argument. Paragraph (3) does not mention a "recommendation," or a "request," as subparagraph (1)(B) does; it mentions only a "disposition provided for in the agreement," which tracks subparagraph (1)(C). It would have been easy for the draftsman to insert in paragraph (3), before the word "disposition" the words, "recommended or requested," or some similar words referring to subparagraph (1)(B), but they are not there. It would also have been easy to insert in paragraph (4) after the words "plea agreement," the words "or recommended or requested sentence," or some similar words referring to subparagraph (1)(B), but they are not there. Moreover, if we were to read them into paragraphs (3) or (4), we would make subparagraph (1)(B) surplusage, by turning all (1)(B) agreements into (1)(C) agreements, so far as their effect is concerned.

*Id.*

It would appear from these cases that a court can reject a (1)(B) plea agreement

---

**7.** Subdivision (e)(3) makes it mandatory, if the court decides to accept the plea agreement, that it inform the defendant that it will embody in the judgment and sentence the disposition provided in the plea agreement, or one more favorable to the defendant. This serves the purpose of informing the defendant immediately that the agreement will be implemented.

Notes of Advisory Committee on Rules on the 1974 Amendments, Rule 11, Fed.R.Crim.Pro., 18 U.S.C.A.

**8.** The defendant in *United States v. Savage*, 561 F.2d 554 (4th Cir. 1977), did not claim that the government failed to comply with the plea agreement by failing to adequately support the sentencing recommendation. The defendant in the instant case does raise this issue on appeal.

within the meaning of Rule 11(e)(4) only if it refuses to listen to a sentencing recommendation or request from the parties. *See United States v. Jackson*, 563 F.2d 1145 (4th Cir. 1977).[9] But once the government has recommended a sentence to the court, or not opposed the defendant's sentencing request, the defendant is bound by his guilty plea. The sentencing court is not required to afford him an opportunity to withdraw that plea before it imposes a harsher sentence than recommended or requested.

We do not believe this result accords with the clear intention of the Rule. Paragraph (1) of Rule 11(e) provides for three different plea agreements. There is no indication in Rule 11 itself, in its legislative history, or in the Notes of the Advisory Committee on the Rules of Criminal Procedure, that paragraphs (3) and (4) are to apply to only (1)(C) agreements while, presumably, the other paragraphs of Rule 11(e) are to apply to all paragraph (1) agreements. If such a result had been intended by the Supreme Court which submitted the Rules to Congress, or by Congress, which passed them with amendments, it should be clear from the face of the Rule, and should not be inferred. For example, subparagraph (1)(A) provides that the government will "move for dismissal of other charges" against the defendant in exchange for his guilty plea. But a court does not accept a (1)(A) plea agreement within the meaning of paragraph (3) simply by allowing the government to move for the dismissal of other charges against the defendant. To accept the agreement the court must grant the motion. If the court denies the motion, it has rejected the plea agreement, and the defendant should then be allowed to withdraw his guilty plea and proceed to trial. *See United States v. Bean*, 564 F.2d 700 (5th Cir. 1977). Similarly, where the parties have entered into a (1)(B) plea agreement, the court does not accept the agreement within the meaning of paragraph (3) when it allows the parties to make a sentencing recommendation or request but imposes a different, more severe sentence. If the court rejects the sentencing recommendation it must comply with the requirements of paragraph (4) and inform the defendant that the court is not bound by the plea agreement, afford the defendant an opportunity to withdraw his guilty plea, and inform him that if he persists in his plea of guilty, the disposition of the case may be less favorable to him than that contemplated by the plea agreement.[10]

Because of our disposition of this case, we express no opinion regarding appellant's second claim of error.

The judgment of the district court will be vacated, and the case remanded, with instructions that the defendant appear before another district judge for further proceedings in accordance with this opinion.

---

**9.** As was stated in the House Report to the 1975 amendments to Rule 11:

> The Supreme Court amendments to Rule 11(e) establish a plea agreement procedure. This procedure permits the parties to discuss disposing of a case without a trial and sets forth the type of agreements that the parties can reach concerning the disposition of the case. The procedure is not mandatory; a court is free not to permit the parties to present plea agreements to it.

H.R.No.94–247, 94th Cong., 1st Sess. 6 (1975), *reprinted in*, 1975 U.S.Code Cong. & Admin. News, pp. 674, 678.

**10.** We agree with the court in *United States v. Henderson*, 565 F.2d 1119 (9th Cir. 1977), that this result tends to blur the distinction between (1)(B) and (1)(C) plea agreements. This result is, however, compelled by the Rule itself. We do not believe the language of Rule 11 supports an interpretation that the safeguards of paragraph (3) and (4) do not apply to defendants who have pleaded guilty pursuant to subparagraph (1)(A) or (1)(B) plea agreements.