UNITED STATES of America, Appellee,

v.

James D. INCROVATO, Defendant, Appellant.

No. 79–1277.

United States Court of Appeals, First Circuit.

Argued Oct. 2, 1979.

Decided Dec. 19, 1979.

John Cavicchi, Boston, Mass., for appellant.

Elliott D. Lobel, Asst. U. S. Atty., Boston, Mass., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before CAMPBELL and BOWNES, Circuit Judges, and BONSAL,* Senior District Judge.

BONSAL, District Judge.

Defendant, Incrovato, appeals from the denial on May 7, 1979 of his motion to withdraw his plea of guilty.

* Of the Southern District of New York, sitting by designation.

In an indictment returned on June 1, 1977 the defendant was charged with murder in the first degree (Count One), and three other counts arising out of the same incident (the death of his son). Two of the remaining three counts were subsequently dismissed by the court. Defendant negotiated a plea bargain with the Government under which he would plead guilty to murder in the second degree to satisfy Count One, and the remaining count (Count Three) would be dismissed. The Government agreed that if the defendant pled guilty to second degree murder, it would recommend to the judge a sentence of 15 years to be served.

Following the plea bargain, which was oral, defendant appeared before Judge Garrity on December 1, 1977 offering to withdraw his plea of not guilty to the first count and to plead guilty to second degree murder in satisfaction of the first count. At this hearing, the district judge inquired at length regarding the plea bargain. The United States Attorney replied:

"The only bargain, your Honor, was with respect to our recommendation, leaving it within the Court's discretion to either accept the recommendation, to impose a sentence either lower or higher within the purview of the Court's discretion."

Defendant's attorney replied:

"I believe there is one additional feature of our understanding, and that is that the defendant would be entitled, without compromising the spirit of the agreement, to make such arguments to the Court and submit such information to the Court as could conceivably warrant a significantly lesser sentence."

The judge, not satisfied with this statement, inquired of defendant's attorney:

"I have not seen the presentence report, and I have not in any way, as I am sure you know, participated in or been privy to these negotiations leading to this agreement, but assume hypothetically that the Court feels that a sentence of more than fifteen years' imprisonment up to the maximum of life imprisonment is compelled or warranted in the public interest. What if anything is the agreement in that eventuality?"

Defendant's attorney replied:

"My understanding and my client's understanding is that we are completely subject to the Court's judgment in this respect, whatever sentence the Court deems to impose."

The court then inquired whether such a disposition (higher sentence) "would not, in your understanding and not in Mr. Incrovato's understanding, serve as the foundation of a retraction of his plea," to which, defendant's attorney replied, "That is correct, your Honor." The court then inquired directly of the defendant as to whether he had the same understanding, to which the defendant replied in the affirmative. Defendant's plea was then accepted.

At the sentencing of defendant on December 22, 1977, the United States Attorney, acting in accordance with the plea bargain, recommended a term of imprisonment of 15 years, giving his reasons therefor.

After defendant's attorney argued for a sentence substantially lower than 15 years and following the allocution of defendant, Judge Garrity sentenced the defendant to 25 years to be served, and gave his reasons in detail.

Some 16 months later, on May 7, 1979, defendant moved to withdraw his guilty plea on the ground that the sentence imposed exceeded the sentence recommended by the Government pursuant to the plea bargain agreement.

The record makes it abundantly clear that, before accepting his plea of guilty, the judge warned the defendant that the sentence could be greater than that recommended by the Government and that this was fully understood by the defendant and his attorney.

There is no basis for belatedly granting defendant's motion to withdraw his guilty plea unless we should hold that if the sentence imposed is greater than that recommended by the Government pursuant to a plea bargain, the defendant is automatically

entitled to withdraw his plea pursuant to Rule 11(e)(4), Fed.R.Crim.P. We do not understand this to be the law. Rule 11(e)(4) provides as follows:

"*Rejection of a Plea Agreement.* If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement."

The precise question whether the imposition of a sentence more severe than that provided in the Government's recommendation under a plea bargaining agreement required the judge to afford the defendant an opportunity to withdraw his plea was considered in *United States v. Savage*, 561 F.2d 554 (4th Cir. 1977). The court held:

"We now hold that where a defendant plea bargains only for a recommendation by the government, which the defendant knows is not binding on the trial court, and the government complies with the agreement by making the recommendation, nonacceptance of the recommendation by the trial court is not a rejection of the plea agreement under Rule 11(e)(4)." *Id.* at 556.

Here, defendant was informed prior to his plea that the Government's recommendation was not binding on the trial court.

The same result was reached by the Ninth Circuit in *United States v. Henderson*, 565 F.2d 1119, 1122–23 (9th Cir. 1977), where the court found that the defendant understood that his sentence was solely a matter within the control of the judge and that he was prepared to accept any punishment permitted by law that the court saw fit to impose.

Petitioner relies on *United States v. White*, 583 F.2d 819, 824–25 (6th Cir. 1978), for the proposition that if the judge does not follow the recommendation of the United States Attorney, the plea bargain has been breached and the defendant must be afforded an opportunity to withdraw his guilty plea. However, in *White*, it does not appear that the Government's sentencing recommendation was disclosed to the court at the time it accepted the defendant's plea. *Id.* at 820. Here, it was not only disclosed but was the subject of discussion, and defendant and defendant's attorney both understood prior to the defendant's plea of guilty that the sentence to be later imposed could be greater or less than that recommended by the Government.

This, being in the record, removes all doubt as to the understanding of the defendant as to the plea bargaining agreement. Moreover, we disagree with *White* to the extent that it is contrary to *Savage* and *Henderson*. See also *United States v. Gaertner*, 593 F.2d 775, 777 (7th Cir. 1979).

Appellant finally contends that the sentence imposed constituted a manifest injustice, entitling him to withdraw his plea of guilty under Rule 32(d) of the Fed.R. Crim.P. The claim is that appellant's former lawyer turned over a letter contradicting another report that appellant was not generally a dangerous person. Since the record indicates that the sentencing judge had considerable material before him, the presence of this letter hardly could have been an important factor in his decision. Moreover, if the district judge thought that appellant was a highly dangerous person, he could have exercised his discretion and sentenced appellant to life imprisonment instead of twenty-five years.[1]

---

1. The applicable sentencing statute is 18 U.S.C. § 1111(b):

Whoever is guilty of murder in the first degree, shall suffer death unless the jury qualifies its verdict by adding thereto "without capital punishment", in which event he shall be sentenced to imprisonment for life;

Whoever is guilty of murder in the second degree, shall be imprisoned for any term of years or for life.

Accordingly, we affirm the district court's denial of defendant's motion to withdraw his guilty plea.

*Affirmed.*