**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Marvin Harold STANTON,**
**Defendant-Appellant.**

No. 82–5282.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 2, 1983.

Decided April 5, 1983.

---

F. Dennis Alerding (argued), Covington, Ky., for defendant-appellant.

Louis DeFalaise, U.S. Atty., James Arehart, Asst. U.S. Atty. (argued), Lexington, Ky., for plaintiff-appellee.

Before ENGEL and KRUPANSKY, Circuit Judges, and BROWN, Senior Circuit Judge.

PER CURIAM.

Marvin Harold Stanton appeals from a district court's denial of his motion to withdraw his guilty plea entered under agreement with the government. Stanton was indicted by a federal grand jury in the Eastern District of Kentucky on charges of bank robbery. At the time of the indictment, he was serving a state prison term in California. After extensive plea negotiations, the United States Attorney agreed to recommend a 15 year sentence to run concurrently with his state sentence in return for a guilty plea from Stanton.

On April 2, 1981, Stanton entered a Rule 11(e)(1)(B) type plea of guilty as agreed. During the plea hearing, the agreement was disclosed to the court, which repeatedly advised Stanton that it was not bound by the government's agreement. The judge did not, however, inform Stanton that his plea could not be withdrawn. At the sentencing hearing held April 19, 1981, Stanton moved the court to withdraw his guilty plea. The motion was denied after hearing and arguments. Stanton was then sentenced to 20 years imprisonment to be served consecutively to his California term.

Stanton appeals from the district court's ruling arguing that he is entitled to withdraw his plea as of right under *United States v. White,* 583 F.2d 819 (6th Cir.1978). Specifically, he contends that the district court is bound by the holding in *White* that:

Where a district court does not accept a Rule (11)(e)(1)(B) plea agreement in accordance with Rule (11)(e)(3), it has rejected the plea agreement and the defendant must be afforded an opportunity to withdraw his guilty plea in accordance with Rule 11(e)(4).

583 F.2d at 824–25 (footnote omitted).

We begin by noting that following our decision in *White,* Federal Rule of Criminal Procedure 11(e)(2) was amended "to clarify the circumstances in which the court may accept or reject a plea agreement, with the consequences specified in subdivision (e)(3) and (4)." Advisory Committee Notes. Rule 11(e)(2) now provides in pertinent part: "If the agreement is of the type specified in subdivision (e)(1)(B), the court *shall advise the defendant* that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw his plea." Fed.R.Crim.P. 11(e)(2) (emphasis added). Although this new language abrogates the holding in *White,* it imposes on the court an obligation to inform the defendant that once he enters his type (B) plea he has no right to withdraw it.

This court has consistently held that the sentencing judge must strictly comply with the requirements of Rule 11. *See, e.g., United States v. White,* 583 F.2d 819 (6th Cir.1978); *United States v. Cunningham,* 529 F.2d 884 (6th Cir.1976); *Phillips v. United States,* 519 F.2d 483 (6th Cir.1975). Moreover, the Supreme Court has held that "a defendant is entitled to plead anew if a United States district court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11." *McCarthy v. United States* 394 U.S. 459, 463–64, 89 S.Ct. 1166, 1169, 22 L.Ed.2d 418 (1969). Stanton called this notification provision of subdivision (e)(2) to the trial court's attention in a timely manner. Since he has made it the subject of a direct appeal from the judgment entered upon the plea, the judgment must be reversed and the plea set aside. *Cf. United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).

Stanton also contends that his plea was not voluntary since he was not made " 'fully aware of the direct consequences' of his plea" in connection with 18 U.S.C. § 3568. *Wade v. Coiner,* 468 F.2d 1059 (4th Cir.1972)

(quoting voluntariness standard approved in *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). Section 3568 provides in pertinent part:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence.
>
> \*   \*   \*   \*   \*   \*
>
> No sentence shall prescribe any other method of computing the term.

Sometime after the parties agreed to the plea arrangement, it was discovered that the recommendation of a concurrent sentence may have conflicted with section 3568. This apparent conflict was not disclosed to Stanton.

Because of our disposition of the case on Rule 11(e)(2) grounds, we need not reach the question of whether the applicability of section 3568 is a direct consequence of a guilty plea. We note, however, that in *United States v. Herb,* 436 F.2d 566 (6th Cir.1971), our court observed that:

> [I]t has been uniformly held that designation of the place of confinement of a person convicted of an offense rests exclusively with the Attorney General of the United States, and that any provision in a judgment that the federal sentence is to run concurrently with a state sentence is legally ineffectual as an attempt by the Court to designate the place of confinement.... We recognize that district courts not infrequently recommend that the federal sentence be served concurrently with prior state sentences, and that the Attorney General normally complies with such recommendation by designating an appropriate state penal institution as the place of confinement under the federal sentence. Nonetheless, such concurrency provision in the judgment of the Court is nothing more than a recommendation and is not binding on the Attorney General....

436 F.2d at 568 (citations omitted); *see also* 18 U.S.C. § 4082(a). We do not suggest that a misunderstanding such as that claimed by Stanton would have necessitated a vacation of the plea and judgment. Nevertheless, it is important that the bench and bar recognize the limitations upon judicial discretion reflected in *Herb.* Any representations with respect to the service of any sentence imposed should be made with great care so as not to mislead the defendant.

Reversed and remanded for further proceedings consistent with this opinion.