### UNITED STATES of America, Plaintiff-Appellee,

v.

### Craig OTTE, Defendant-Appellant.

### No. 83–1965.

United States Court of Appeals, Ninth Circuit.

Submitted March 20, 1984.[*]

Decided April 2, 1984.

---

[*] The panel finds this case appropriate for submission without argument pursuant to 28 U.S.C.A. 9th Cir.R. 3(a) and Fed.R.App.P. 34(a).

posed although the balance of the plea agreement was accepted by the sentencing court. The motion to correct was denied by the district court. We affirm.

The failure of the sentencing court to comply with Rule 11(e)(2) under the facts of this case does not entitle the appellant to the correction he seeks. The record shows that appellant knew that the sentencing court did not have to accept the sentence proposed by the agreement. R.T. 16. A technical violation of Rule 11 does not entitle appellant to the relief he seeks. *United States v. Timmreck*, 441 U.S. 780, 783–84, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979). Finally, it is well-settled that acceptance of a plea agreement does not require acceptance of its sentencing recommendation. *See United States v. Henderson*, 565 F.2d 1119, 1122 (9th Cir.1977).

AFFIRMED.

Edward Kane, Asst. U.S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Howard E. Beckler, Hollywood, Cal., for defendant-appellant.

Before TRASK, SNEED, and ANDERSON, Circuit Judges.

SNEED, Circuit Judge:

Appellant seeks to correct his sentences by a motion pursuant to 28 U.S.C. § 2255. He contends that his sentences should have been concurrent rather than consecutive. The basis for this contention is that the plea agreement contained a concurrent sentence recommendation which the sentencing court rejected without admonishing the appellant, as required by Rule 11(e)(2), Fed. R.Crim.P. Consecutive sentences were im-