UNITED STATES of America, Plaintiff-Appellee,

v.

Noel Joseph BABINEAU, Defendant-Appellant.

No. 85–2581
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 30, 1986.

Paul P. Caradonna, Everett, Mass., for defendant-appellant.

Susan L. Yarbrough, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., James R. Gough, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEE, RANDALL and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Petitioner appeals the denial of his motion for reduction of sentence. We affirm.

### I.

Charged in a seventeen-count indictment with various drug offenses, Noel Babineau entered into a plea bargain with the government. Babineau agreed to plead guilty to one count of conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of traveling in interstate commerce to promote the conspiracy in violation of 18 U.S.C. § 1952(a)(3). Convictions on these two offenses carry maximum sentences of five years imprisonment and a fine of $15,000 and five years imprisonment and a fine of $10,000 respectively. Babineau further agreed to furnish the government any information he had concerning any criminal activity and to testify against any of his co-defendants who might go to trial. In return, the government promised to dismiss the remaining counts against Babineau and recommend that he be sentenced to no more than four years imprisonment on the conspiracy count and to five years probation on the interstate travel count, with a fine of $10,000 to be paid at sentencing.

Both Babineau and the government abided by the plea agreement; however, the court sentenced Babineau to five years imprisonment for the conspiracy conviction to be followed by five years of probation for the interstate travel conviction. He was also fined $10,000. Without taking a direct appeal, Babineau filed a motion to reduce his sentence arguing that the trial judge failed to inform him that the court was rejecting the plea bargain as required under Rule 11 of the Federal Rules of Criminal Procedure. The district court denied the motion and this appeal followed.

### II.

Appellant did not file his notice of appeal within ten days of the ruling on his motion to reduce sentence as required by Rule 4(b), Federal Rules of Appellant Procedure. We elect, however, to treat this appeal as a request for relief under 28 U.S.C. § 2255. *See United States v. Santora,* 711 F.2d 41 (5th Cir.1983). Accordingly, we proceed to consider Babineau's appeal as a § 2255 petition.

### III.

Appellant argues that the trial court's imposition of a sentence greater than the one recommended by the government constituted a rejection of the plea agreement. He argues that this rejection triggered Rule 11(e)(4)[1] and required the court to

---

1. Rule 11 provides in pertinent part:
   **e. Plea agreement procedure.**
   **(1) In general.** The attorney for the government and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the government will do any of the following:
   (A) move for dismissal of other charges; or
   (B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding

advise him of the rejection and give him the opportunity to withdraw his guilty plea. Appellant complains that the judge failed to give him this opportunity.

Rule 11 provides for three types of plea bargains. The government may agree: (A) to dismiss some of the charges and make no agreement relative to the remaining charges, (B) to recommend a particular sentence to the court with the understanding that the court may accept or reject that recommendation, or (C) that a specific sentence is the appropriate disposition of the case. Fed.R.Crim.P. 11(e)(1). Appellant concedes that the plea agreement at issue is a type (B) agreement but contends that the court was nevertheless required by Rule 11(e)(4) to allow him to withdraw his guilty plea if the court declined to follow the government's sentencing recommendation.

■ We disagree. In type (B) agreements, the government recommends a "particular sentence, with the understanding that such recommendation or request shall not be binding upon the court." Fed.R.Crim.P. 11(e)(1)(B). In 1979, Rule 11(e)(2) was amended to provide that when "an agreement is of the type specified in subdivision (e)(1)(A) or (C), the court may accept or reject the agreement...." The advisory committee's notes make it clear that type (B) agreements differ in this re-spect from type (A) or (C) agreements: "But this is not so as to a type (B) agreement; there is no 'disposition provided for' in such a plea agreement so as to make the acceptance provisions of subdivision (e)(3) applicable, nor is there a need for rejection with opportunity for withdrawal under subdivision (e)(4)...." Fed.R.Crim.P. 11(e)(2) advisory committee note.

Our conclusion that the Rule 11(e)(4) requirements are not applicable to Rule 11(e)(1)(B) agreements finds support in our sister circuits. *Good Bird v. United States*, 752 F.2d 349 (8th Cir.1985); *United States v. Schmader*, 650 F.2d 533 (4th Cir.), *cert. denied*, 454 U.S. 898, 102 S.Ct. 400, 70 L.Ed.2d 215 (1981); *United States v. Incrovato*, 611 F.2d 5 (1st Cir.1979); *United States v. Gaertner*, 593 F.2d 775 (7th Cir. 1979). Appellant's reliance on *United States v. White*, 583 F.2d 819 (6th Cir. 1978), is misplaced; the Sixth Circuit recognizes that the holding of *White* has been abrogated by the 1979 amendments to Rule 11. *United States v. Stanton*, 703 F.2d 974, 975 (6th Cir.1983). Thus we conclude that an accused who enters a plea agreement under Rule 11(e)(1)(B) does not have the option to withdraw that plea if the district court declines to follow the government's recommendation. This assumes, of course, that the guilty plea was properly taken as required by Rule 11.

that such recommendation or request shall not be binding upon the court; or
(C) agree that a specific sentence is the appropriate disposition of the case.
The court shall not participate in any such discussions.
**(2) Notice of such agreement.** If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered. If the agreement is of the type specified in subdivision (e)(1)(A) or (C), the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. If the agreement is of the type specified in subdivision (e)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw his plea.
**(3) Acceptance of a plea agreement.** If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.
**(4) Rejection of a plea agreement.** If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.
Fed.R.Crim.P. 11(e).

The district court did not follow Rule 11 to the letter when it took the guilty plea. It did not advise appellant that he did not have the right to withdraw his guilty plea if the court declined to accept the government's recommended sentence. Fed.R.Crim.P. 11(e)(2). However, because we review the district court order as a collateral attack under § 2255, appellant "must prove more than a failure of literal compliance with Rule 11." *United States v. Saldana*, 731 F.2d 1192, 1193 (5th Cir. 1984). A technical violation of Rule 11 warrants § 2255 relief only if the violation is: (1) jurisdictional or unconstitutional, (2) a fundamental defect resulting in a complete miscarriage of justice, (3) an omission that is not consistent with the rudimentary demands of fair procedure, or (4) presents exceptional circumstances. *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). None of the *Timmreck* criteria are available to invalidate appellant's plea.

Also, appellant has not alleged prejudice from the technical failure of the district court to tell him that he could not withdraw his guilty plea if the recommended sentence was not accepted. *United States v. Saldana, supra.* At the time appellant entered his guilty plea, he signed a written statement admitting that he was aware that the government's recommended sentence was not binding on the court. In the Rule 11 proceeding, the court orally advised him that "the court is not bound by the recommendation that is made by the United States attorney and that the court can impose any lawful sentence under these charges," and Babineau acknowledged his understanding of this statement. Babineau has not alleged that he would not have entered his guilty plea had the warning been properly issued by the court, nor did he attempt to withdraw his plea when the sentence was imposed. We conclude that under these circumstances appellant is not entitled to the collateral relief he seeks. *See also Good Bird v. United States, supra; United States v. Otte*, 729 F.2d 1207 (9th Cir.1984). The judgment is

AFFIRMED.