980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Glenn FALLS, Defendant-Appellant.
 No. 91-50055.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1991.*
Submission Defferred Jan. 23, 1992.
Resubmitted Sept. 14, 1992.
Decided Dec. 1, 1992.
 
 Before JAMES R. BROWNING, ALARCON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Falls appeals his conviction and sentence based upon his guilty plea to possession with intent to distribute five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1). We affirm.
 
 WITHDRAWAL OF PLEA
 
 3
 Falls failed to object to the district court's decision not to follow the sentencing recommendation. Consequently, we will only review for plain error. United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.), cert. denied, 493 U.S. 863 (1989).
 
 
 4
 The district court advised the defendant on three areas pertinent to his plea. First, the judge informed Falls that while he would have a right to appeal the sentence imposed pursuant to the guidelines, he could not "appeal" his plea. He probably should have used the words "withdrawal of plea" instead but in the context in which it was said, the judge's admonishment was clear. Secondly, he advised the defendant that he could not appeal the fact that his attorney decided not to file a motion to suppress the evidence. Lastly, the district judge clearly advised the defendant that the court was not bound by the terms of the plea agreement but could instead impose its own independent sentence. On each occasion, Falls acknowledged that he understood.
 
 
 5
 United States v. Otte, 729 F.2d 1207, 1208 (9th Cir.1984), states the rule that "it is well-settled that acceptance of a plea agreement does not require acceptance of its sentencing recommendation." (citing United States v. Henderson, 565 F.2d 1119, 1122 (9th Cir.1977), cert. denied, 435 U.S. 955 (1978)). We hold that the district judge clearly and adequately advised the appellant of the consequences of his plea. There was no error, plain or otherwise.
 
 COMBINED PACKAGE WEIGHTS
 
 6
 It is the law of this Circuit that a court may base its sentence in part on conduct that was common to the offense to which the defendant was actually convicted, including offenses charged in counts dismissed as part of the plea agreement. United States v. Fine, 975 F.2d 596, 603 (9th Cir.1992).
 
 
 7
 Falls concedes that Fine is controlling. We therefore affirm the district court.
 
 MINOR PARTICIPATION
 
 8
 "Since a district court's determination that a defendant does not qualify for minimal or minor participant status is 'heavily dependent upon the facts of the particular case, ...' " this court applies a clearly erroneous standard of review. United States v. Andrus, 925 F.2d 335, 337 (9th Cir.) (quoting U.S.S.G. Guidelines Manual, § 3B1.2, comment. (backg'd) (Nov. 1990)), cert. denied, 112 S.Ct. 249 (1991).
 
 
 9
 "[M]erely being less culpable than one's co-participants does not automatically result in minor status." Id. at 338. To qualify for the adjustment a defendant must be " 'substantially less culpable than the average participant.' " Id. (quoting § 3B1.2, comment.) (emphasis in original). Falls was the only participant known to the court. In both Andrus and United States v. Howard, 894 F.2d 1085, 1088 (9th Cir.1990), this court declined to compare the defendant's conduct with that of his co-participants because the appropriate question was to ask whether the district court had clearly erred in its findings. In this case, there are no co-participants to be evaluated. Falls is hard pressed to explain how the district court could have erred with the facts before it. His argument is without merit.
 
 DOWNWARD DEPARTURE
 
 10
 Both in his argument to the district court during sentencing and in this appeal, Falls has argued that a discretionary downward departure under U.S.S.G. § 5K2.0 is warranted in his case. He claims that the district court should have disregarded his eight-year-old misdemeanor for unlawful use of a credit card. Thus, he contends, the district court erred in calculating the misdemeanor and thereby refusing to depart from the Guidelines.
 
 
 11
 Whether the judge should have disregarded the misdemeanor and departed downward from the Guidelines was a matter within his discretion. We lack jurisdiction to review on appeal the district court's discretionary refusal to depart downward. United States v. Morales, 898 F.2d 99, 101 (9th Cir.1990). In Morales, we stated that this court may only review a defendant's sentence if it falls within one of the provisions listed in 18 U.S.C. § 3742(a).[1] Falls has not found refuge within any of the provisions outlined in § 3742(a).
 
 
 12
 The eight-year-old conviction was within the criteria specified in U.S.S.G. § 4A1.1(c) of the Sentencing Guidelines which permits the district court to add one point for each prior sentence not counted in § 4A1.1(a) or (b). The Commentary provides that non-felony offenses are counted only if they meet certain requirements as specified in § 4A1.2(c)(1). U.S.S.G. § 4A1.1(c), comment. (n. 3). The misdemeanor at issue here meets those requirements and is not excepted from calculation under § 4A1.2(c)(1) or (2) which list certain misdemeanor and petty offenses not to be counted. Therefore, the district court had the authority to count Falls' misdemeanor and the discretion to disregard it. Consequently, we do not have jurisdiction to review the district court's discretionary refusal to depart downward from the Guidelines.
 
 
 13
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 3742(a) provides:
 A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--
 (1) was imposed in violation of law;
 (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
 (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range ...; or
 (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.