**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Victor PACHECO–CASTILLO,**
**Defendant–Appellant.**

No. 00–50554.

D.C. No. CR–00–01266–NAJ.

United States Court of Appeals,
Ninth Circuit.

Submitted June 13, 2001.*

Decided June 15, 2001.

Before WARDLAW, PAEZ, and TALLMAN, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Appellant Victor Pacheco–Castillo appeals his conviction and sentence for illegal reentry of the United States after deportation, 8 U.S.C. § 1326, arguing that his guilty plea was not knowing and voluntary and that the district court violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by increasing his offense level for a prior conviction under United States Sentencing Guideline § 2L1.2(b)(1)(B). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

■ Pacheco–Castillo argues that his guilty plea was unknowing and involuntary because the district court departed from the sentencing recommendation in his plea agreement. The district court conducted a thorough, proper Rule 11 plea colloquy prior to accepting Pacheco–Castillo's plea. *See* Fed.R.Crim.P. 11. The district court emphasized that the plea agreement expressly stated that the parties' joint sentence recommendation was not binding on the court and that departure from the recommendation would not entitle Pacheco–Castillo to withdraw from the agreement. *See United States v. Camarillo–Tello,* 236 F.3d 1024, 1028 (9th Cir.2001) (finding that sentencing courts do not have to follow the parties' joint sentencing recommendation); *United States v. Otte,* 729 F.2d 1207, 1208 (9th Cir.1984) ("[A]cceptance of a plea agreement does not require acceptance of its sentencing recommendation."). The district judge informed Pacheco–Castillo that he would determine a sentence based on the Sentencing Guidelines and the Presentence Report. He warned Pacheco–Castillo that he was charged with a felony for which the maximum punishment was 20 years in prison.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Pacheco–Castillo said he understood, and that he still wished to plead guilty. Pacheco–Castillo's plea was knowing and voluntary. We affirm his conviction.

Pacheco–Castillo also argues that the district court violated *Apprendi* by increasing his offense level for a prior felony conviction even though the indictment did not allege, and he did not admit to, a prior conviction. To be considered at sentencing, however, a prior felony need not have been included in the indictment or admitted to by the defendant. *See United States v. Pacheco–Zepeda*, 234 F.3d 411, 415 (9th Cir.2000). Accordingly, the district court did not err by increasing Pacheco–Castillo's offense level because of his prior felony.

**AFFIRMED.**