UNITED STATES of America, Appellee,

v.

**Allen Ronald FUTERAL, Appellant.**

No. 74–1934.

United States Court of Appeals, Fourth Circuit.

Argued June 13, 1975.

Decided Nov. 11, 1975.

Ransom J. Davis, Baltimore, Md. [court-appointed counsel], for appellant.

William A. Pope, Special Atty., U.S. Dept. of Justice, Baltimore, Md. (George Beall, U.S. Atty., Baltimore, Md., Stanley E. Greenidge and David M. Soutar, Special Attys., U.S. Dept. of Justice, Washington, D.C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, WINTER and BUTZNER, Circuit Judges.

HAYNSWORTH, Chief Judge:

The defendant sought to withdraw a guilty plea after imposition of a sentence of three years and a rejection of the prosecutor's bargained recommendation of a sentence of no more than one year. Since he was fully aware of the risk he ran when he tendered his plea, we find no want of voluntariness in its submission. Thus, we find no violation of any constitutional right of the defendant, and the sentencing fully complied with the requirements of the present Rule 11, FRCrP.

Allen Futeral was indicted on charges of conspiracy to distribute cocaine and possession of cocaine with intent to distribute. Pursuant to a plea bargain, a criminal information was filed charging the defendant with unlawful use of a telephone in aid of the distribution of a narcotic. 21 U.S.C. § 843(b). The bargain was that if the defendant would enter a guilty plea to the information, the indictment would be dismissed as to him and the prosecution would recommend that, if an active prison sentence was to be imposed, it be not more than one year.

Futeral had been told by his lawyer that the prosecutor's recommendation was not binding upon the judge, though he stated to his client that the judges accepted such recommendations in 80 to 90% of the cases. At the arraignment, the district court clearly informed the defendant that he was not bound by the recommendation and could impose any sentence up to the statutory maximum, and the defendant stated that he understood this. The court then accepted the plea without any indication of acceptance or rejection of the recommendation. At the later sentencing hearing, however, he imposed a sentence of three years under Section 4208(a)(2) with its early parole eligibility. Subsequent motions for a reduction of sentence and for leave to withdraw his plea were made and denied, and this appeal followed.

The appellant claims that once the prosecutor agreed, pursuant to plea negotiations, to recommend a maximum of one year imprisonment the district court should have either been bound by the recommendation or, upon rejecting the recommendation, allowed Futeral to withdraw his guilty plea. We decline to allow Futeral to withdraw his plea because we cannot say that his plea was involuntary, coerced, or otherwise constitutionally deficient. Both his attorney and the district judge made it clear that the court was not bound by the prosecutor's recommendation. Indeed, the court emphasized, and Futeral makes no claim that he did not understand, that the court could

impose any sentence up to the maximum. While Futeral had a strong basis for hope that the court would follow the recommendation, he was not misled in any way. Thus, he cannot contend that he was induced to plead guilty by any justifiable belief that he could not be sentenced to more than one year. *United States v. McGahey*, 9th Cir., 449 F.2d 738; *Vanater v. Boles*, 4th Cir., 377 F.2d 898; *Masciola v. United States,* 3rd Cir., 469 F.2d 1057. Nor can he claim that his bargain with the prosecution was broken, for the Government did recommend, as it had agreed, that Futeral be given no more than a one year sentence.

Recently enacted Rule 11(e)(4) will give one in Futeral's circumstances the right to withdraw his plea if the sentencing judge decides not to accept the bargained recommendation.[1] But the Congress has provided that new Rule 11(e)(4) shall not be effective until December 1, 1975. It can not govern this case.

*AFFIRMED.*

1. New Rule 11(e)(4) would seem clearly to give one who reached a type C bargain, as defined in 11(e)(1), the right to withdraw his plea if the bargain is rejected. In a type B agreement, in which the defendant bargains only for a recommendation by the prosecutor, the prosecutor complies with the agreement and the defendant is clearly told that the recommendation is not binding upon the court which may impose a greater sentence, non-acceptance of the recommendation may not be a rejection of the bargain within the meaning of new Rule 11(e)(4). The question is not now before us, and we express no opinion as to the effect of the new Rule upon one in Futeral's position.