**UNITED STATES of America**

v.

**Ricardo COLLADO BETANCOURT.**

**Cr. No. 74–135.**

United States District Court,
D. Puerto Rico.

Dec. 12, 1975.

Juan A. Pérez-Giménez, Asst. U. S. Atty., San Juan, P. R., for plaintiff.

Carlos Coll Carpintero, Hato Rey, P. R., Manuel A. Vallecillo, San Juan, P. R., for defendant.

## ORDER

PESQUERA, District Judge.

This Court has had under consideration for some time now defendant's motion for reconsideration of sentence. Serious thought has again been given to all the factors surrounding the defendant, and the same have been weighed with the sentencing objectives in mind. As in every mental process, some factors have had more weight than others on the sentencing judge, but all have been considered by the Court in determining which sentence is in the best interest of both the offender and society. Various sentencing institutes have expressed general sentencing principles for a sentencing judge to have in mind. First, that the purpose of a sentence combines community protection, correction, rehabilitation, deterrence and punishment, and it is for the sentencing judge to determine the proportionate worth, value and requirement of each of these elements in imposing sentence in each case. Second, that the prime consideration in proper sentencing is the public welfare; and third, that a proper sentence is a composite of many factors, including the nature of the offense, the circumstances (extenuating or aggravating) of the offense, the prior criminal record, if any, of the offender, the age of the offender, the record of the offender as to employment, the background of the offender with reference to education, home life, sobriety and social adjustment, the emotional and mental condition of the offender, the prospects for the rehabilitation of the offender, the possibility of a return of the offender to a normal life in the community, the possibility of treatment or of training of the offender, the possibility that the sentence may serve as a deterrent to crime by this offender, or by others, and the current community need, if any, for such a deterrent in respect to the particular type of offense involved.

It appears that the sentence imposed has followed all those principles and that although considered to be extremely le-

nient in the light of the grave offense to which defendant pleaded guilty, it will have the consequence of inhabilitating defendant to become a lawyer. Just for this reason and no other is the request made that this defendant be sentenced under the provisions of the Youth Correction Act, 18 U.S.C. §§ 5005–5026.

 The legislative purpose of the Youth Correction Act is to provide young adult offenders who are likely to benefit from specialized treatment with an opportunity to reform. It was not envisioned as a tool for amelioration of punishment. The programs of the institutions for youthful offenders offer educational and vocational training so as to provide the youthful offender with skills which will enable him to compete, make a living and develop attitudes which are sociably desirable. The educational training to be received is certainly below the one that defendant has already received.

 In fact, it is the view of the Bureau of Prisons that the act should not be applied to young adult offenders unless there are persuasive affirmative reasons to believe that a particular offender will benefit by the specialized youth program. Furthermore, it has been also recommended in the aforementioned sentencing institutes that commitment as a youth offender is recommended only when the offender presents specific needs for treatment which can be provided only in a youth institution and the offender can benefit from the flexible provisions of the statute which permits discharge from supervision after a reasonable period of satisfactory community adjustment. We have found no such needs in the defendant.

 We further believe that the emphasis put in defendant's motion for reconsideration on the fact that upon completion of his sentence, if sentenced under the provisions of the Youth Correction Act, defendant will be in a position to complete his law career and become a practicing attorney, is misplaced. Although it is true that upon completion of

his sentence defendant would be entitled to the automatic setting aside of said sentence, we are not convinced that the rights and privileges to be restored by such an amnesty include the annulment of the conviction, the right to negate the conviction, to be fully accredited as a witness, to hold office and to be the grantee of a license, and much less when the requisite for the granting of a license to practice law depends on reputation and/or character of the petitioner which cannot be changed by judicial fiat.

Aside from the technical considerations discussed above, there remains the fact of the gravity of the offense and the much needed deterrence of others. This need is best exemplified by the defendant himself and those who were indicted with him. They were not discouraged or held back from the illicit business as to which they were found guilty even though the whole group was made up of well-educated, well-provided, mature individuals.

For the above stated reasons, defendant's motion for reconsideration of sentence is hereby denied.

It is so ordered.