UNITED STATES of America, Appellee,

v.

Samuel SAVAGE, Appellant.

No. 77–1369.

United States Court of Appeals, Fourth Circuit.

Argued Aug. 9, 1977.

Decided Sept. 12, 1977.

---

Joseph Kiel, Phoenix, Md., for appellant.

Gerard P. Martin, Asst. U. S. Atty., Baltimore, Md. (Jervis S. Finney, U. S. Atty., and Robert A. Rohrbaugh, Asst. U. S. Atty., Baltimore, Md., on brief), for appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

K. K. HALL, Circuit Judge:

The defendant's plea to one count of a three-count indictment, pursuant to a plea agreement with the government, was accepted by the district court on November 14, 1975. As a part of the agreement, the government recommended a sentence of five years imprisonment, to be served concurrently with a twenty-two year sentence the defendant was presently facing on another charge.

Brought before the court for sentencing on December 4, 1975, and after the district judge indicated his unwillingness to follow the government recommendation regarding sentencing, the defendant personally requested that he be allowed to withdraw his plea. The judge ignored the request and sentenced defendant to a term of ten years, to run concurrently with the sentence the defendant was facing on the other charge.

Three issues arise from the circumstances surrounding the plea and sentencing: (1) Did the district court comply with the provisions of F.R.Crim.P. 11 when the plea was accepted on November 14, 1975? (2) Did the district court reject the plea agreement, thus triggering F.R.Crim.P. 11(e)(4), which provides for withdrawal of a defendant's plea when the plea agreement is rejected? (3) Did the district court abuse its discretion under F.R.Crim.P. 32(d) by refusing to allow the defendant to withdraw his plea before sentencing?

The court finds no reversible error on the part of the district court, but nevertheless we must remand this case for further findings on the Rule 32(d) motion.

I.

The plea was entered by the defendant and accepted by the district court on

November 14, 1975, before the December 1, 1975, effective date of the amendments to Rule 11. The defendant argues that Rule 11, as amended, should apply to that proceeding, and that the procedural requirements of Rule 11, as amended, were not followed. We do not reach the issue of whether Rule 11, as amended, applied to the November 14, 1975, proceeding, because we hold that regardless of whether old Rule 11 or the amended Rule 11 applied at the time of the proceeding, the district court met all procedural requirements of either version of the rule.

## II.

█ Defendant next contends that the trial judge rejected the plea agreement, and, therefore, that the defendant should have been allowed to withdraw his plea under Rule 11(e)(4).[1] From his brief and oral argument, the defendant apparently claims that the trial court rejected the plea agreement in two separate ways. First, the district judge supposedly rejected the plea agreement when he stated that "I think your case—this case ought to be tried and you ought to be sentenced in accordance with the verdict, if it's guilty, or you ought to not be convicted at all of this offense." Defendant's claim that this statement constituted a rejection of the plea agreement is without merit. The record clearly shows that the trial court later in the same proceeding sentenced the defendant under his plea of guilty, demonstrating that the court indeed did not reject the plea agreement.

█ Second, the defendant contends that the district judge rejected the plea

agreement when he refused to follow the government's recommendation on sentencing.[2] This issue was expressly left unanswered in *United States v. Futeral*, 539 F.2d 329, 331 n. 1 (4th Cir. 1975). We now hold that where a defendant plea bargains only for a recommendation by the government, which the defendant knows is not binding on the trial court, and the government complies with the agreement by making the recommendation, nonacceptance of the recommendation by the trial court is not a rejection of the plea agreement under Rule 11(e)(4).

Closely analogous to the case at bar is *United States v. Sarubbi*, 416 F.Supp. 633 (D.N.J.1976), where the court held that in the type of plea agreement involved in this case, "it is part of the agreement itself that the parties understand that the court is not bound by the recommendation request. Non-acceptance of the *request* is not a rejection of the *agreement* and so is not within Rule 11(e)(1)." (sic) We believe this reasoning to be sound and adopt it as the rule of this circuit.

## III.

█ Finally, the defendant contends that the trial court abused its discretion under Rule 32(d) by refusing to allow the defendant to withdraw his plea before sentencing. The rule of this circuit is that leave to withdraw a plea before sentencing normally should be allowed, but that this dispensation should not be as freely granted when the government has been prejudiced by reliance on the defendant's guilty plea. The trial court must weigh the defendant's

---

1. Rule 11(e)(4) provides:

   *Rejection of a Plea Agreement.* If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

The acts which the defendant claims amounted to a rejection of the plea agreement occurred at the December 4, 1975 proceeding, after the December 1, 1975, effective date of Rule 11, as amended. The cited provision therefore applied to this proceeding.

2. There is no contention that the bargain was breached. The government promised merely to recommend a sentence to the court, and the record conclusively shows that the defendant was aware that the government's recommendation was not binding on the court. The defendant admitted such knowledge in both his brief and oral argument.

reasons for seeking to withdraw his plea against the prejudice which the government will suffer. On appeal, the court's denial of the motion will be overturned only for abuse of discretion. *U. S. v. Truglio*, 493 F.2d 574, 578 (4th Cir. 1974).

The record reveals that the defendant orally made his request to withdraw his plea just moments before sentencing, and we view this request as a motion under Rule 32(d). Probably due to the timing of this motion, the record does not indicate whether the government would have been prejudiced by the granting of the motion. At oral argument, however, the government did allege that prejudice would have resulted if the motion had been granted. Nevertheless, this determination should first be made by the trial court, and not on appeal.

Therefore, the case must be remanded for determination of the prejudice, if any, to the government which would arise from the granting of this motion. If, on remand, no such prejudice is found by the trial court, the defendant should be allowed to withdraw his plea.

REMANDED WITH INSTRUCTIONS.