UNITED STATES of America, Appellee,

v.

Mark Christopher SCHMADER, Appellant.

No. 80–5187.

United States Court of Appeals, Fourth Circuit.

Argued May 8, 1981.

Decided June 9, 1981.

**534**

David N. Kuryk, Baltimore, Md., for appellant.

David B. Irwin, Asst. U. S. Atty., Baltimore, Md. (Russell T. Baker, Jr., U. S. Atty., Baltimore, Md., on brief), for appellee.

Before WINTER, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

The defendant-appellant, Mark Christopher Schmader, pleaded guilty to one count of conspiracy to import heroin (of a multiple count indictment) in fulfilling his part of a plea bargaining agreement. In accord with a Rule 11(e)(1)(A) agreement, the government moved to dismiss three other counts, which was done by the district court. Further, in a Rule 11(e)(1)(B) agreement, the government agreed to recommend that the district court sentence the defendant to a term of five years in prison. The defendant protests the district court's refusal to allow him to withdraw his guilty plea after the court sentenced him to a term of ten years after the government had lived up to its agreement and recommended five.

The defendant does not deny that he understood at the time he pleaded guilty that the district court was not bound by the government's sentencing recommendation and that he could not withdraw his guilty plea if the district court sentenced him to a term longer than five years. Nonetheless, he contends that, by imposing a more severe sentence than the government recommended, the district court rejected the plea bargaining agreement and triggered the right to withdraw a guilty plea under Rule 11(e)(4).

The rule in this circuit refutes the defendant's position. The imposition of a longer sentence than that recommended by the government to fulfill a Rule 11(e)(1)(B) agreement does not constitute a rejection of the plea bargaining agreement bringing the provisions of 11(e)(4) into operation. *United ed States v. Savage*, 561 F.2d 554, 556 (4th Cir. 1977). The Notes of the Advisory Committee on Criminal Rules show the intention of the 1979 Amendments to Rule 11 to make Rule 11 consistent with *Savage*. Indeed, the Committee Notes, which may be found at 28 U.S.C.A. 1981 suppl. p. 6, resolved a hypothetical case that is precisely similar to the case at hand. The Committee's description of the proper result agrees with that obtained by the district court in this case, and we decline the defendant's invitation that we reconsider *Savage*.

The judgment of the district court is *AFFIRMED*.