**UNITED STATES of America**

v.

**Haeja O. NAMKOONG, et al.**

**Crim. No. 85–00044–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Aug. 21, 1985.

James R. Spencer, Asst. U.S. Atty., Richmond, Va., for plaintiff.

Richard R. Ryder, Clinton B. Corry, Sr., Richmond, Va., for defendants.

## OPINION AND ORDER

WARRINER, District Judge.

On 17 June defendants were arraigned and entered pleas of not guilty. Trial was set for 30 July. Sometime prior to 30 July defendants entered into a plea bargain with the Government and pursuant to the plea bargain, they entered pleas of guilty on 30 July. Before accepting the guilty plea, the Court conducted the hearing required by Fed.R.Crim.P. 11. Sentencing was set for 28 August.

On 12 August defendants filed a motion to withdraw their pleas of guilty with the request that they be tried by jury on not guilty pleas. Though not cited, the motion is obviously based upon Fed.R.Crim.P. 32(d). Rule 32(d) requires "a showing by the defendant of any fair and just reason" for withdrawing his guilty plea. The motion cites no reason other than defendants' "desire." No brief or affidavit supports the motion. Despite a prompt brief in opposition, no rebuttal has been filed by defendants. The Court will consider the motion on the present state of the record.

The Rule for granting motions to withdraw a plea was set in this Circuit by *United States v. Savage*, 561 F.2d 554 (4th Cir.1977). In *Savage*, it was established that a defendant could withdraw his plea pretty much on the basis of his "desire" in the absence of prejudice to the Government. *United States v. Strauss*, 563 F.2d 127 (4th Cir.1977), decided a few months after *Savage*, appears to confirm that the trial judge should look first to prejudice to the Government before being required to determine whether defendant had good reason to change his plea.

An amendment to Rule 32(d) effective 1 August 1983 changes, I believe, the *Savage-Strauss* rule. The present amendment requires that the defendant show some "fair and just reason" for withdrawal of his plea. In the absence of such a reason, inquiry into prejudice is not triggered. The Notes to the 1983 amendment specifically so argue.

Looking first, then, to the reasons defendants advance for their motion for leave to change their plea, one finds nought. Thus, no prejudice to the Government need be shown.

Even under the *Savage-Strauss* rule, however, defendants could not prevail in this case. It is manifest that the Government would require a number of witnesses to prove its case including, especially, witnesses from the film industry. Assembling far-flung witnesses who are not Government employees is a task of some proportions. Permitting them to scatter and then being required to reassemble them adds substantially to the problem—and to the expense of the United States. A similar problem presented itself

in *Strauss* and the Court there recognized it to constitute "prejudice."

Further, the simple unfairness to the Government lawyers and to the Government witnesses twice to prepare themselves for trial at the defendants' desire is a sufficient prejudice under the circumstances of this case.

The motion is DENIED.

And it is so ORDERED.