**UNITED STATES of America, Plaintiff,**

**v.**

**Gonzalo Valdes RODRIGUEZ, Defendant.**

**Crim. No. 83–0190 (PG).**

United States District Court, D. Puerto Rico.

Jan. 9, 1986.

Asst. U.S. Attys. Earl Shamwell and Salixto Medina-Malave, San Juan, Puerto Rico, for plaintiff.

Joaquin Monserrate Matienzo, Reinaldo Vega Otero, Hato Rey, Puerto Rico, for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

On August 9, 1985, defendant Gonzalo Valdés Rodríguez filed a motion under 28 U.S.C. Section 2255 requesting the court to vacate, set aside or correct the sentence imposed upon him on May 7, 1984. The motion, files and record of the case conclusively show that petitioner is entitled to no relief. *See Fontaine v. United States,* 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973); *McCarthy v. United States,* 764 F.2d 28, 31 (1st Cir.1985); *United States v. Butt,* 731 F.2d 75 (1st Cir.1984); *United States v. Fournier,* 594 F.2d 276, 278–279 (1st Cir.1979).

Defendant Valdés Rodríguez pled guilty to two counts of conspiracy to commit an offense against the United States. The maximum penalty for this offense, as set forth in 18 U.S.C. Section 371, is five years imprisonment and/or a fine of $10,000. The government, as part of the plea bargain, agreed not to oppose defendant's request for a maximum sentence of eight years. *See* Fed.R.Crim.P. 11(e)(1)(B). However, the defendant was sentenced to a $5,000 fine and the maximum of five years imprisonment on each count, sentences to be served consecutively.

Defendant argues that the sentence imposed was based on erroneous information, which was contained in the presentence

investigation (hereafter "PSI") report, and that the sentence actually imposed was in violation of the terms of the plea agreement accepted by the court.

Defendant alleges that the statement in the presentence report that, if the defendant were ordered incarcerated, he would be eligible for parole after 24 to 36 months, was inaccurate since the defendant was subsequently found not to be eligible for parole until after serving 40 months. Another alleged inaccuracy in the report is the statement that "the defendant tends to minimize his participation in the case." The defendant argues that this statement is misleading and prejudicial. Finally, objection is made to a portion of the report which states that the probation officer "takes sides according to the version of one of the informants." The defendant objects to this statement of the probation officer since it gives "more credibility to the other codefendant than to himself." The defendant argues that in leaving these statements in the presentence report, after timely objection, the court was implying that defendant Valdés' position in the offense was greater than it actually was.

Generally, a court will not review the severity of a sentence imposed within statutory limits. *United States v. Tooker*, 747 F.2d 975, 978 (5th Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 2032, 85 L.Ed.2d 314 (1985); *United States v. Pasarell*, 727 F.2d 13, 17 (1st Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 107, 83 L.Ed.2d 51 (1984); *United States v. Sparrow*, 673 F.2d 862, 864 (5th Cir.1982). For defendant Valdés Rodriguez to prevail in his challenge to the sentence imposed upon him, which is concededly within the statutorily permissible limits, he must show that the trial judge's action amounted to an arbitrary or capricious abuse of discretion. *United States v. Tooker*, 747 F.2d at 978; *United States v. Ames*, 743 F.2d 46, 48 (1st Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 927, 83 L.Ed.2d 927 (1985); *United States v. Garcia*, 693 F.2d 412, 415 (5th Cir.1982); *United States v. Cimino*, 659 F.2d 535, 537 (5th Cir.1981).

In regard to defendant's specific charge that the trial judge relied on inaccurate and challenged information in his PSI report in imposing sentence, defendant Valdés must not only show that the information was "materially false," but he must also show that the judge relied on that information as a foundation for imposing the sentence. Merely alleging that the PSI report contained inaccurate or inappropriate information does not sufficiently call into question a violation of due process in sentencing. *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948); *United States v. Tooker*, 747 F.2d at 978; *United States v. Ruster*, 712 F.2d 409, 412 (9th Cir.1983); *United States v. Green*, 680 F.2d 183, 187 (D.C.Cir.1982), *cert. denied*, 459 U.S. 1210, 103 S.Ct. 1204, 75 L.Ed.2d 445 (1983); *United States v. Garcia*, 693 F.2d at 415; *United States v. Cimino*, 659 F.2d at 537.

In his motion to vacate, set aside or correct sentence, defendant has introduced no evidence to support his claim that his sentence was imposed in an illegal manner. He neither shows that the contents of the PSI report were extensively or materially false, nor that the court relied upon any erroneous information in imposing sentence. The only factor defendant points out that the court relied upon in imposing sentence was the general deterrence the sentence would have upon the community. Defendant argues that the trial judge erred in imposing a harsher sentence upon him in order that it would act as a deterrent factor to others. We disagree.

Deterrence is a legitimate aspect of sentencing. *United States v. Colmenares Hernández*, 659 F.2d 39, 42 (5th Cir.), *cert. denied*, 454 U.S. 1127, 102 S.Ct. 979, 71 L.Ed.2d 116 (1981); *United States v. Moore*, 599 F.2d 310, 315 (9th Cir.), *cert. denied*, 444 U.S. 1024, 100 S.Ct. 687, 62 L.Ed.2d 658 (1980).

In *Pell v. Procunier*, 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974), the court stated:

An important function of the corrections system is the deterrence of crime. The

premise is that by confining criminal offenders in a facility where they are isolated from the rest of society, a condition that most people presumably find undesirable, they and others would be deterred from committing additional criminal offenses. *Id.* at 822, 94 S.Ct. at 2804.

■ Thus, there remains room, even when imposing an acceptably "individualized" sentence, for a judge to look beyond the offender to the sentence's presumed effect on others. *United States v. Foss,* 501 F.2d 522, 528 (1st Cir.1974); *see United States v. Collado Betancourt,* 405 F.Supp. 1063 (D.Puerto Rico 1975).

■ To the extent that defendant is concerned that certain comments in the PSI report may have an adverse impact on the decision of the United States Parole Commission, his remedy does not lie with the district court in a section 2255 motion. The procedure for correcting errors in a PSI report relied upon by the Parole Commission is set forth in 28 C.F.R. Section 2.19(c) (1985), which provides specifically for an administrative challenge to the accuracy of a PSI report. *See Johnson v. United States,* 650 F.2d 1 (1st Cir.1981).

■ Defendant further alleges that the sentence imposed by the court was in violation of the plea agreement entered into. We disagree. The plea agreement entered into by defendant, under Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure, was not a binding agreement upon the court that a particular sentence be imposed. *See* Rule 11. The Advisory Committee Note to the 1979 amendment of Rule 11(e)(1) says in part:

A (B) type of plea agreement is clearly of a different order than the other two, for an agreement to recommend or not to oppose is discharged when the prosecutor performs as he agreed to do. By comparison, critical to a type (A) or (C) agreement is that the defendant receive the contemplated charge dismissal or agreed-to sentence. Consequently, there must ultimately be an acceptance or rejection by the court of a type (A) or (C) agreement so that it may be determined

whether the defendant shall receive the bargained for concessions or shall instead be afforded an opportunity to withdraw his plea. But this is not so as to a type (B) agreement; there is no 'disposition provided for' in such plea agreement so as to make the acceptance provisions of subdivision (e)(3) applicable, nor is there a need for rejection with opportunity for withdrawal under subdivision (e)(4) in light of the fact that the defendant knew the nonbinding character of the recommendation or request. *United States v. Henderson,* 565 F.2d 1119, 1122 (9th Cir.1977); *United States v. Savage,* 561 F.2d 554, 556 (4th Cir.1977).

*See United States v. Incrovato,* 611 F.2d 5, 7 (1st Cir.1979); Wright, *Federal Practice and Procedure: Criminal 2d* Section 175.1 (1985), pp. 648–659.

The plea agreement entered into by defendant was a type (B) agreement in which the government agreed not to oppose defendant's request for a maximum sentence of eight years. The government honored its promise stipulated in the plea agreement by remaining silent during defendant's sentencing hearing.

■ Defendant further alleges that the District Attorney "lured" him into signing the plea agreement by assuring him that he "would probably get 5 to 6 years and certainly no more than a maximum of 8 years." The government denies that this statement was explicitly or implicitly ever made during the course of negotiations that led to the plea agreement. The record favors the government's position. The terms of the plea agreement are clear and do not leave any room for misunderstanding or for an allegation that defendant was coerced by misrepresentation. Paragraphs 7 and 8 speak for themselves; they provide:

7. The parties understand and agree that this Plea Agreement is not binding on the Court and that it may impose any sentence and conditions of imprisonment authorized by law and that the defendant

may not withdraw his plea solely as a result of the sentence imposed.

8. There are no other agreements between the parties.

*See United States v. Schmader,* 650 F.2d 533, 534 (4th Cir.), *cert. denied,* 454 U.S. 898, 102 S.Ct. 400, 70 L.Ed.2d 215 (1981) (after defendant entered guilty plea to conspiracy to import heroin in fulfilling his part of the plea bargain agreement, imposition of a longer sentence than that recommended by the government did not constitute a rejection of the plea bargain agreement.)

Even assuming, for purposes of argument, that the government misinformed the defendant as to the maximum sentence he could receive, such would not warrant setting aside the sentence. *Fontaine v. United States,* 411 U.S. at 214–215, 93 S.Ct. at 1462–1463; *Limón González v. United States,* 499 F.2d 936, 938 (5th Cir. 1974).

Petitioner Valdés Rodríguez has not been able to show that the alleged inaccuracies in his PSI report were materially false nor has he been able to show that the trial judge relied on said inaccuracies in imposing sentence. Furthermore, the plea agreement was not a binding agreement upon the court that a particular sentence be imposed. Thus, the court did not abuse its discretion in imposing a longer sentence than that requested by the defendant and not opposed by the government. Therefore, defendant's motion to vacate, set aside or correct sentence is DENIED.

IT IS SO ORDERED.