896 F.2d 546
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edward T. DEAN, Petitioner-Appellant,
v.
STATE OF NORTH CAROLINA; Joe Beach, Superintendent,
Respondents-Appellees.
 No. 88-6831.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 17, 1989.
Decided: Feb. 5, 1990.
 
 Edward T. Dean, appellant pro se.
 Before DONALD RUSSELL, PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Edward T. Dean, a North Carolina inmate, seeks a certificate of probable cause to appeal the district court's summary dismissal of his petition for habeas corpus relief brought pursuant to 28 U.S.C. Sec. 2254. In his petition Dean attacked five separate drug-related convictions. Two of the convictions (No. 79-CR-18636 and No. 79-CR-20624) appear to be misdemeanor convictions had in 1979 in a magistrate's court for which Dean was sentenced to terms of incarceration of 3 months each. The other three convictions (No. 85-CR-22518, No. 86-CR-20210, and No. 86-CR-20211) are felonies which came about as the result of guilty pleas.
 
 
 2
 In his federal petition Dean contended that he was entitled to habeas relief on the misdemeanors on the grounds that (1) he was denied the effective assistance of counsel, and (2) he was denied a fair and public trial because the convictions were had, and the sentences imposed, without his knowledge or presence in court. Dean alleged that he was entitled to habeas relief on the three felonies because of, among other things, ineffective assistance of counsel, involuntary and unknowing guilty pleas, and various errors in the imposition of the sentences. Without ordering a response from the state, the district court summarily dismissed the petition under Habeas Rule 4.
 
 
 3
 Summary dismissal of a habeas petition is not favored and should occur only if the petition is "frivolous or patently absurd on its face." Raines v. United States, 423 F.2d 526 (4th Cir.1970). Additionally, in the context of the federal inmate's counterpart to Sec. 2254, several circuit courts of appeals have held that in summary dismissals of a Sec. 2255 motion, the district court should "enumerate the issues raised by the prisoner, and explain the reasons for that action. Such a disposition provides a basis for appellate review of the dismissal of the motion that, standing alone, might arguably have some merit." United States v. Marr, 856 F.2d 1471, 1472-73 (10th Cir.1988); see also United States v. Edwards, 711 F.2d 633, 634 (5th Cir.1983) (vacating and remanding to give district court opportunity to make findings of fact and conclusions of law); United States v. Counts, 691 F.2d 348, 349-50 (7th Cir.1982) (per curiam) (although affirming summary dismissal, court stressed that preferred practice is for district court to enumerate the issues and explain legal grounds for their summary dismissal); Newfield v. United States, 565 F.2d 203, 208 (2d Cir.1977) (same).
 
 
 4
 We will not remand this case for entry of a proper order because, after a careful review of the record and the materials submitted by Dean with his petition, we conclude that none of the claims entitle Dean to the relief that he seeks. Notwithstanding our disposition in this case, however, we stress that in summary dismissals of habeas petitions the district court should list the issues raised by the petitioner and explain the legal basis for the court's disposition of each claim.
 
 79-CR-18636, No. 79-CR-20624
 
 5
 In the state court order denying the motion for appropriate relief which Dean filed attacking these two cases the court noted that the state "took a voluntary dismissal in the above captioned cases on October 31, 1979." Apparently these misdemeanor cases were tried before a state magistrate, Dean was found guilty, and a three-month sentence was imposed on each offense. Dean's notice of appeal to the Superior Court, however, vacated the convictions and entitled him to a trial de novo. See, e.g., Constitution of North Carolina, Art. IV, Sec. 12, clause 6. ("Appeals from Magistrates shall be heard de novo, with the right of trial by jury as defined in this Constitution and the laws of this State.) The state apparently elected not to pursue the charges in the Superior Court. Since there is no conviction to collaterally attack and, consequently, no actual or constructive custody, there is no federal habeas corpus jurisdiction. See 28 U.S.C. Secs. 2241(c)(3), 2254(a); Jones v. Cunningham, 371 U.S. 236, 240 (1963). The district court's dismissal of the federal petition, as it relates to the two misdemeanor convictions, therefore, was not improper.
 
 85-CR-22518, 86-CR-20210, 86-CR-20211
 
 6
 Most of the 19 allegations raised in the petition concern the guilty plea and sentence in 85-CR-22518. Dean's basic complaint regarding this case concerns the 12-year sentence that he received upon his guilty plea to the indictment charging trafficking in cocaine. Dean contends that his retained trial counsel promised him an eight-year sentence if he pled guilty. In support of this contention Dean attached affidavits from six individuals who purportedly overheard the conversation between Dean and his counsel at which Dean was told by his attorney that the attorney had arranged for no more than an eight-year sentence in exchange for the plea. The transcript of the guilty plea, however, clearly indicates that Dean was informed that he could be imprisoned for a possible maximum sentence of 15 years and that he must serve a mandatory minimum sentence of seven years. Additionally, although a number of terms and conditions of the plea agreement are listed on the form, there is no mention that the agreed upon sentence was to be only eight years. Notwithstanding the absence of this seemingly significant provision, Dean indicated that the terms of the plea bargain, as specified on the form, were his understanding of the full plea agreement.
 
 
 7
 Generally, representations by the defendant at the arraignment constitute a formidable barrier in a subsequent collateral attack. Subsequent presentation of conclusory allegations, unsupported by specifics, is subject to summary dismissal. Blackledge v. Allison, 431 U.S. 63, 75 (1977); see also Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167 (4th Cir.1981) (statements by an accused at an arraignment that facially demonstrate a plea's validity are conclusive absent a compelling reason why they should not be, such as ineffective assistance of counsel). An attorney's bad guess as to what the sentence will be, however, does not require withdrawal of the guilty plea nor does it invalidate the plea on the basis of ineffective assistance of counsel. Little v. Allsbrook, 731 F.2d 238, 241 (4th Cir.1984); see also United States v. Futeral, 539 F.2d 329, 330 (4th Cir.1975) (plea not rendered involuntary by trial court's rejection of prosecutor's sentencing recommendation even though defendant told by his attorney that the court accepted such recommendations in 80 to 90 percent of the cases); Vanater v. Boles, 377 F.2d 898, 899-900 (4th Cir 1967).
 
 
 8
 Additionally, there are a number of factors in this record that persuade us that this claim is without merit. First, it appears from the transcript of the guilty plea that Dean was facing at least eight drug charges, including a Class F felony drug trafficking charge carrying a minimum sentence of 14 years.[1] Not only did Dean's plea agreement wipe out a number of other drug charges, it reduced his exposure from a minimum of 14 years to a minimum of seven years. Even had Dean received the eight-year sentence that he claims was promised him he would still have been required to serve at least seven years.
 
 
 9
 Second, as noted by the state post conviction judge in his order denying the motion for appropriate relief, Dean withdrew his appeal in 85-CRS-22518. Dean had been appointed counsel different from his guilty plea hearing counsel to perfect the appeal. The written notice of withdrawal of appeal was signed by Dean and his court-appointed attorney. If he had been misled by his trial counsel there was no impediment to his actively pursuing a challenge to the voluntariness of the plea with the assistance of counsel who had not been involved in the plea process. Moreover, the post-conviction judge found that another state judge had entered an order on December 16, 1986, finding that Dean had knowingly, voluntarily, and intelligently withdrawn his appeal to the North Carolina Court of Appeals in case No. 85-CRS-22518. Finally, the state post-conviction judge found as a fact that Dean had knowingly, voluntarily, and intelligently withdrawn his appeal to the North Carolina Court of Appeals in case 85-CRS-22518. Dean attempts to overcome his clear waiver of his post conviction challenge to the guilty plea in 85-CR-22518 by allegations of appellate counsel ineffectiveness. Those allegations, however, are conclusory at best.
 
 
 10
 Third, Dean entered into another plea agreement in cases 86-CR-20210 and 86-CR-20211 shortly after he received the 12-year sentence in the cocaine trafficking case. The plea agreement in these latter two cases provided for sentences totalling 12 years concurrent to the earlier 12 years; in other words, little or no additional time. A successful appeal in 85-CR-22518, therefore, would have had no practical effect because Dean was still required to serve 12 years by virtue of his sentences in 86-CR-20210 and 86-CR-20211. Even assuming for purposes of argument that Dean's guilty plea counsel gave inaccurate advice concerning the length of the sentence, there is no reasonable probability that Dean would have rejected the plea agreement and gone to trial on these multiple drug charges had he been told that the sentence would be 12 years. Hill v. Lockhart, 474 U.S. 52 (1985); Little v. Allsbrook, 731 F.2d 238, 241 (4th Cir.1984).
 
 
 11
 Dean contends that he was denied the right to receive the same sentence that his codefendant received--two suspended six-month sentences for misdemeanors. Additionally, Dean contends that the sentencing judge impermissibly increased his sentence when the judge imposed a 12-year sentence rather than the one-year sentence that his codefendant received. These claims are clearly without merit. The mere fact that a codefendant received a lesser sentence in no way implicates the validity of Dean's sentence. Although there is no indication in this record as to what the codefendant's criminal record might have been, or what she was charged with, the record reveals that Dean was charged with a number of offenses, and that he had a previous record. As noted by the state post-conviction judge, Dean had previously been convicted of cocaine distribution. At a minimum, this previous conviction was a factor in aggravation. In any event, Dean's conviction and sentence resulting from a valid plea agreement stands on its own merits, notwithstanding the disposition involving a codefendant.
 
 
 12
 Dean also seeks habeas relief on his claims that (1) he was illegally arrested and seized by the Wilmington City Police Department and the New Hanover County Sheriff's Department on September 23, 1985, and the morning of September 24, 1985; and (2) his arrest was in violation of his Miranda rights. Dean's valid guilty plea, however, forecloses attack on these antecedent non-jurisdictional errors. Tollett v. Henderson, 411 U.S. 258 (1973).
 
 
 13
 A number of Dean's allegations concern perceived errors in the way that his various sentences were imposed. Specifically, Dean contends that because the six-year sentence imposed on 86-CR-20210 was ordered to run concurrently with the 12-year sentence imposed on 85-CR-22518 the six-year sentence was never activated; furthermore, because the sentence in 86-CR-20210 was never activated the court could not order the sentence in 86-CR-20211 to run consecutively with the sentence in 86-CR-20210. Dean argues that, as a result of the operation of N.C.G.S. Sec. 15A-1354(a),[2] the sentence in 86-CR-20211 is being treated as consecutive to the 12-year sentence in 85-CR22518, for a total sentence of 18 years, instead of consecutive to 86-CR-20210 (which is concurrent with 85-CR-22518) for a total of 12 years. In support of this claim Dean attached a Department of Correction computer printout of his sentences. Contrary to Dean's allegations, however, the printout establishes that Dean's sentences are being handled by the Department in accordance with the manner in which they were imposed. The printout reveals that the sentence in 86-CR-20210 is concurrent with the sentence in 85-CR-22518 and the sentence in 86-CR-20211 is consecutive to the sentence in 86-CR-20210. According to the printout the projected release date for both the sentence in 85-CR-22518 and the sentence in 86-CR-20211 is the same. It is clear, therefore, that Dean's various sentences are being executed as he understood they would be when they were imposed.
 
 
 14
 Dean also contends that his 12-year sentence in 85-CR-22518 is improper and in violation of N.C.G.S. Sec. 14-1.1(8) because a Class H felony carries a maximum sentence of 10 years. Dean is correct in his belief that a Class H felony is punishable by no more that 10 years; however, Dean's sentence in 85-CR-22518 was for a Class G felony under Sec. 14-1.1(7), which is punishable by a sentence up to 15 years. Dean pled guilty to distribution of more than 28 grams but less than 200 grams of cocaine. Under N.C.G.S. Sec. 90-95(h)(3)(a) Dean was subject to punishment as a Class G felon. The plea agreement, therefore, accurately informed Dean that the maximum sentence was 15 years. The 12-year sentence was not illegal. Dean's attorneys were not ineffective for failing to raise nonexistent sentencing errors.
 
 
 15
 Finally, Dean contends that his appellate counsel in 85-CR-218 and his trial and appellate counsel in 86-CR-20210 and 86-CR-20211 denied him effective assistance when counsel withdrew the appeal in 85-CR-55218 and failed to address the various sentencing concerns (discussed supra) in 86-CR-20210 and 86-CR-20211. Dean alleges that counsel misrepresented to him that a successful appeal in 85-CR-55218 would not have any effect because of the concurrent 12-year sentence in 86-CR-20210 and 86-CR-20211. As noted above, however, Dean's guilty plea in 85-CR-55218 was not involuntary or otherwise subject to attack. Additionally, two state court judges made factual findings that Dean voluntarily and knowingly withdrew his appeal in 85-CR-55218. Dean has alleged nothing in this petition or in his informal brief which calls into serious doubt the state court findings concerning his waiver. In any event, counsel's representations were correct. Even if the sentence in 85-CR-55218 had been reduced to eight years Dean would still have to serve the 12-year sentences imposed in the other two cases.
 
 
 16
 Dean's other allegations of improprieties in his convictions and sentences are without merit. Accordingly, we deny Dean's motion for appointment of counsel, deny a certificate of probable cause to appeal, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 17
 DISMISSED.
 
 
 
 [1]
 Dean was indicted for trafficking in more than 200 grams but less than 400 grams of cocaine. The penalty under N.C.G.S. Secs. 14-1.1 and 90-95 for a conviction of this Class F felony was a maximum of 20 years and a minimum of 14 years
 
 
 [2]
 Section 15A-1354(a) provides:
 When multiple sentences of imprisonment are imposed on a person at the same time or when a term of imprisonment is imposed on a person who is already subject to an undischarged term of imprisonment, including a term of imprisonment in another jurisdiction, the sentences may run either concurrently or consecutively, as determined by the court. If not specified or not required by statute to run consecutively, sentences shall run concurrently.