904 F.2d 701
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fred Julian HARVEY, Defendant-Appellant.
 No. 89-5645.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 9, 1990.
Decided: May 24, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Malcolm J. Howard, District Judge. (CR-88-5).
 Terry Goodwin Harn, Coleman, Bernholz, Bernholz, Gledhill & Hardgrave, Chapel Hill, N.C., argued, for appellant.
 John Douglas McCullough, Assistant United States Attorney, Raleigh, North Carolina, for Appellee; Margaret Person Currin, United States Attorney, Raleigh, N.C., on brief.
 E.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, and K.K. HALL and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Fred Julian Harvey and his wife Linda Marie Harvey were charged in a joint indictment with possession with intent to distribute and distribution of cocaine and heroin, with conspiracy to possess with intent to distribute and distribution of cocaine and heroin in violation of 21 U.S.C. Sec. 841(a)(1), and with the use of one or more firearms during the commission of a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1) and (2). After negotiating with the government, Fred Harvey pled guilty to the use of one or more firearms during the commission of drug trafficking crimes and aiding and abetting such crimes. At the same proceeding, Linda Harvey pled guilty to the lesser included misdemeanor offenses of both possessing and aiding and abetting in the possession of a controlled substance in violation of 21 U.S.C. Sec. 844.[1]
 
 
 2
 After Linda Harvey was sentenced, Fred Harvey moved to withdraw his plea of guilty. The court denied the motion after finding that there was no fair and just reason for withdrawal. Harvey was sentenced to 60 months imprisonment and 3 years of supervised release. Harvey now challenges the lower court order denying his motion to withdraw his guilty plea. Finding no abuse of discretion by the lower court in denying Harvey's motion, we affirm.
 
 I.
 
 3
 The facts of the case are as follows. Special Agent Andrew Petyak of the Drug Enforcement Administration ("DEA") searched the residence of Fred J. Harvey at 317 Brace Street, Hertford, North Carolina, pursuant to a valid search warrant on June 21, 1988. The warrant was based upon probable cause to believe that Harvey was concealing cocaine and materials used in the processing, manufacturing, storing and ingesting of cocaine. Probable cause was based upon information supplied by a confidential informant who bought drugs from Harvey in Harvey's house. The warrant authorizes the seizure of "[a]ny and all records, ledgers, notes, customer lists, telephone tolls and any Currency which may indicate illegal drug transactions."
 
 
 4
 When agents searched the Harvey residence, they found trace amounts of heroin, cocaine, and cocaine base, as well as drug paraphernalia, 45 weapons (many of which were loaded) in Harvey's bedroom, and $279,768 hidden in the base of two potted plants. The sum of $1,087 was also seized from Harvey's person. When Harvey was arrested on September 7, another $2,900 was seized, as well as a dozen or more vehicles found at his residence. The money and the vehicles were the subject of forfeiture proceedings conducted pursuant to 21 U.S.C. Sec. 881.
 
 
 5
 In his plea agreement, Fred Harvey agreed to waive all ownership interest in the $280,855 in cash seized on June 21, 1988. Harvey also agreed to waive all ownership interest in 15 or more vehicles seized on his property and agreed to make no appearance in any civil forfeiture proceedings relating to that personal property. The government agreed to drop all but the firearms charge and agreed not to seek forfeiture of the Harvey residence.
 
 
 6
 On April 19, after Harvey's wife was sentenced for misdemeanor cocaine possession but before Harvey was sentenced, Harvey filed a motion for withdrawal of his plea alleging that the plea resulted from fear that if he did not plead guilty, his wife would receive a harsh sentence, that he was not aware of the nature of the offense, and that there was no basis in fact to support a conclusion that he was guilty of the firearms offense.
 
 
 7
 The court determined that Harvey's plea was entered after a full inquiry into the voluntariness of the plea, and that there was a factual basis supporting the offense. It held that Harvey "failed to show 'any fair and just reason' which would compel [the] court, pursuant to Rule 32(d), F.R.Crim.P., and established law, to permit withdrawal of [the] plea of guilty." Harvey now appeals his conviction arguing that the lower court abused its discretion by failing to grant his motion to withdraw the plea.
 
 II.
 
 8
 Harvey moved to withdraw his plea under Fed.R.Crim.P. 11[2] and 32(d). Rule 32(d) provides:
 
 
 9
 If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed ... the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason.
 
 
 10
 Harvey argues that the court erred when it denied his motion to withdraw because the court did not require the government to show that it would be prejudiced by the withdrawal.
 
 
 11
 Harvey's argument is based upon the statement made by the court in United States v. Savage, 561 F.2d 554, 556 (4th Cir.1977), that "leave to withdraw a plea before sentencing normally should be allowed, but that this dispensation should not be as freely granted when the government has been prejudiced by reliance on the defendant's guilty plea." The law, however, has changed since the Savage decision. Congress amended Fed.R.Crim.P. 32(d) in 1983. As we explained in United States v. Haley, 784 F.2d 1218, 1219 (4th Cir.1986):
 
 
 12
 When the rule was amended in 1983, the advisory committee note to the amendment stated that "it is made clear that the defendant [under the amended version] has the burden of showing a 'fair and just' reason for withdrawal of the plea." Only after "the defendant establishes such a reason, ... is [it] then appropriate to consider whether the government would be prejudiced by withdrawal of the plea." The advisory committee note also stated that the amendment of Rule 32(d) was meant to reject the interpretation of withdrawal of pleas expressed in our decisions in United States v. Savage, 561 F.2d 554 (4th Cir.1977) [,] and United States v. Strauss, 563 F.2d 127 (4th Cir.1977). Those decisions allowed for withdrawal of a plea prior to sentencing " 'unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea.' " Savage, 563 F.2d at 130....
 
 
 13
 Under the amended Rule 32(d), the defendant has the burden of showing a fair and just reason for withdrawal of the plea, and only after the defendant provides such a fair and just reason is it appropriate to consider whether the government would be prejudiced by allowing withdrawal. See also United States v. DeFreitas, 865 F.2d 80 (4th Cir.1989).
 
 III.
 
 14
 Harvey argues that he provided a fair and just reason for withdrawal. He claims that his plea was not the result of an informed and voluntary choice, but rather from a fear that if he did not plead guilty, his wife would receive a harsh sentence. He argues that he should be allowed to withdraw his plea because the government did not disclose the fact that it would not accept his wife's guilty plea unless Harvey also pled guilty.
 
 
 15
 Harvey made this argument to the lower court. The court determined that it had made a full inquiry into the voluntariness of the plea as required by Fed.R.Crim.P. 11 and denied relief.[3]
 
 
 16
 On these facts, Harvey's argument fails to persuade us that the district court abused its discretion in denying Harvey's motion to withdraw. Package deal plea bargaining is permissible. See United States v. Wheat, 813 F.2d 1399, 1405 (9th Cir.1987), aff'd on other grounds, 486 U.S. 153 (1988). Failure to disclose the arrangement can be a fair and just reason for withdrawal. See United States v. Daniels, 821 F.2d 76 (1st Cir.1987). There may have been a technical violation of Fed.R.Crim.P. 11(e)(2) in this case, because the government did not expressly tell the court that its agreement to allow Mrs. Harvey to plead guilty to misdemeanor charges was dependent upon Harvey's guilty plea. However, if such a violation occurred, it was harmless error. The court was aware of the likelihood of a package deal arrangement, if not the agreement itself. Harvey and his wife were charged in a joint indictment and appeared together before the court to enter their pleas. Furthermore, the concern arising from package deals relates to the voluntariness of the plea. The court, in this case, conducted a thorough inquiry into the voluntariness of Harvey's plea. The court specifically asked Harvey whether anyone had forced him to plead guilty or had made "any other or different promise" to him to induce him to enter a guilty plea. We thus find no basis to overturn the court's finding that there was no fair and just reason to allow him to withdraw his plea.
 
 IV.
 
 17
 Harvey argues that it was improper to condition a plea on the forfeiture of property and that the plea agreement was motivated by an improper purpose, i.e., the acquisition of property. Harvey also claims that it was improper for the government to share the proceeds of the forfeiture with the local police department which assisted in this case.
 
 
 18
 We find no merit in these arguments. In the plea bargaining process, the defendant is free to forfeit his property in return for an agreement by the government to drop some of the charges against him. See United States v. Roberts, 749 F.2d 404, 409-10 (7th Cir.1984), cert. denied, 470 U.S. 1058 (1985); United States v. Crumbley, 872 F.2d 975 (11th Cir.1989); United States v. Reckmeyer, 786 F.2d 1216 (4th Cir.), cert. denied, 479 U.S. 850 (1986). Furthermore, we find no impropriety on the part of the government in this case. In 21 U.S.C. Sec. 881(E)(3)(A), Congress specifically provides for the equitable sharing of forfeited property.
 
 V.
 
 19
 Harvey also argues that he should be allowed to withdraw his plea because the government failed to provide a factual basis sufficient to establish that he was guilty of the firearms offense. He claims that there is no clear and convincing evidence that his possession of a firearm was an integral part of the drug trafficking offense, and that the mere presence of a firearm at the scene is not enough.
 
 
 20
 We disagree that there is insufficient evidence in this case to show that the possession of firearms was an integral part of the drug trafficking offense. The government stated that if the case against Harvey had gone to trial, it would have been prepared to show beyond a reasonable doubt that:
 
 
 21
 ... on June 21st, 1988, a search was made of the defendant Fred Julian Harvey's home; that the defendant Harvey was apprehended or detained for purposes of the search five miles North of Hertford; brought back to the home; after repeated attempts to knock down the door, agents made entry through the window, and coming upon the bathroom found Ms. Harvey in the bathroom.
 
 
 22
 Further search of the home revealed traceable amounts of heroin in the bathroom, along with traceable amounts of cocaine and crack--that is, cocaine base in plastic baggies found in the bathroom. Additionally, 45 weapons were found in the defendant's bedroom, many of which were loaded. The government would have also shown that the defendant was on probation for unlawful possession, a felony, in New Jersey at the time these weapons were found; therefore, that he was not able to have these weapons in his possession.
 
 
 23
 Also pursuant to that search warrant that was gained by agents to gain entrance into his home, the police officers found $279,768.00 of cash in two potted plants in Mr. Harvey's living room, and also found hyperdermic needles, crack pipes used to inhale cocaine, and rubber hoses common[ly] used as tourniquets for injection of heroin in an out building that was adjacent and on the curtilage of Mr. Harvey's property.
 
 
 24
 Also the government would have been able to show that Mr. Harvey made a statement to an FBI agent that the guns located in the home were his....
 
 
 25
 We agree with the district court that this is a sufficient factual basis for finding that Harvey possessed firearms during the commission of the conspiracy.
 
 VI.
 
 26
 After Harvey was sentenced, he filed a motion pursuant to Fed.R.Crim.P. 41(e) for the return of seized property. Harvey now argues that the court erred in denying his motion.
 
 
 27
 Harvey's argument on this issue does not provide grounds for relief from his conviction and is thus not properly made in this appeal. We note, however, that the court did not err in denying the motion. The government instituted forfeiture proceedings. Whether the property is properly forfeited can thus be decided by the court conducting those proceedings. See United States v. U.S. Currency, $83,310.78, 851 F.2d 1231 (9th Cir.1988). Furthermore, Harvey specifically agreed to forfeit the property in his plea agreement. This is not a case in which a defendant is seeking to prevent illegally seized property from being introduced at trial.
 
 VII.
 
 28
 Finally, we address Harvey's argument that the government violated his Fourth Amendment rights because the affidavit supporting the warrant did not establish probable cause to seize currency from his residence. We hold that there was probable cause to believe that Harvey had proceeds connected with his illegal activity at his residence. For example, the government informant specifically stated that he bought drugs from Harvey at the house.
 
 VIII.
 
 29
 After reviewing the record and hearing oral argument, we find that the district court did not abuse its discretion in denying Harvey's motion to withdraw his guilty plea, that the court properly denied Harvey's motion for the return of seized property, and that the search warrant was based upon probable cause to seize money. Harvey's conviction is thus
 
 
 30
 AFFIRMED.
 
 
 
 [1]
 The maximum penalty for a violation of 21 U.S.C. Sec. 844 is one year imprisonment and a fine of between $1,000 and $5,000
 
 
 [2]
 FedR.Crim.P. 11(d) provides:
 The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or the defendant's attorney.
 
 
 [3]
 After the government read the plea agreement into the record, the court addressed Mr. Harvey as follows:
 Q. Now, are those the terms of your plea agreement with the government as you understand them?
 A. Yes, Sir.
 Q. Has anyone made any other or different promise of assurance to you of any kind in an effort to induce you to enter a plea of guilty in this court as to count 3?
 A. No Sir.
 Q. Has anyone attempted in any way to force you to plead guilty?
 A. No, Sir.