10 F.3d 806
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Anthony Lawrence MCLEAN, Plaintiff-Appellant,
v.
Judge MALLOTT; Judge Hoss; Judge Hamblen; Mary Lou White,
Virginia Department of Corrections and Virginia
Parole Board; R. W. Thayer,
Defendants-Appellees.
 No. 93-6714.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 5, 1993.
Decided: November 5, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
 Anthony Lawrence McLean, Appellant Pro Se.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, HALL, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Anthony Lawrence McLean appeals from the district court's order dismissing without prejudice his complaint filed under 42 U.S.C. Sec. 1983 (1988). Although McLean brought this action under Sec. 1983, the district court properly treated it as a 28 U.S.C. Sec. 2254 (1988) habeas corpus petition because McLean challenges the fact of his confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973); Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), cert. denied, 439 U.S. 970 (1978). We find that the district court erred when it found that McLean had not demonstrated exhaustion of state remedies, because the state habeas corpus petition and the Virginia Supreme Court order McLean submitted establish that he previously presented all his claims to the Virginia Supreme Court. Nevertheless, dismissal was appropriate because McLean's claims are without merit.
 
 
 2
 McLean's claim that he was denied his rights under Miranda v. Arizona, 384 U.S. 436 (1966) when he was questioned at his home by a police officer is meritless, because he was not in custody. See Beckwith v. United States, 425 U.S. 341, 345-47 (1976). Furthermore, contrary to McLean's assertions, the typographical error in the date on his arrest warrant did not render the warrant invalid. See United States v. Carter, 756 F.2d 310, 313 (3d Cir. 1985), cert. denied, 478 U.S. 1009 (1986). It follows that his claim that the warrant rendered invalid his extradition from the District of Columbia to Virginia also must fail. Finally, McLean's constitutional rights were not violated when the sentencing court chose not to accept the prosecutor's sentence recommendation under McLean's plea agreement. United States v. Futeral, 539 F.2d 329 (4th Cir. 1975) (court's rejection of prosecution's sentence recommendation did not warrant withdrawal of guilty plea where defendant knew prosecution simply was making recommendation).
 
 
 3
 Because McLean's claims lack merit, we affirm the district court's order as modified to reflect dismissal with prejudice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED AS MODIFIED